# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
October 7, 2013 Session

## ANNA LOIS LONG v. SAMMY LEE BROWN

**Appeal from the Circuit Court for Hamilton County**
**No. 13D130     Jon Kerry Blackwood, Judge**

---

**No. E2013-00802-COA-R3-CV-FILED-JANUARY 28, 2014**

---

Anna Lois Long ("petitioner") obtained an ex parte order of protection against Sammy Lee Brown ("respondent"), the man with whom she had lived for approximately 27 years. Following a hearing, the trial court entered a mutual order of protection for a period of one year. Petitioner argues on appeal that the trial court erred in making the order of protection *mutual* and that the order was unlawful because it did not comport with the requirements of the governing statutory scheme, Tenn. Code Ann. § 36-3-601 et seq. (2010). We hold that the trial court erred when it made the order of protection mutual in view of the fact the respondent did not seek an order of protection. The order should be modified so as to be directed only against respondent. We further hold that the trial court's order should also be modified to include "the statement of the maximum penalty that may be imposed pursuant to § 36-3-610 for violating [the] order" as required by Tenn. Code Ann. § 36-3-606(c). We conclude that the court's order in all other respects satisfies the statutory requirements governing an order of protection. Accordingly, we affirm the trial court's judgment as modified.

## Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed as Modified; Case Remanded

CHARLES D. SUSANO, JR., P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and THOMAS R. FRIERSON, II, JJ., joined.

David C. Veazey, Chattanooga, Tennessee, for the appellant, Anna Lois Long.

Jay Underwood, Chattanooga, Tennessee, for the appellee, Sammy Lee Brown.

# OPINION

## I.

Petitioner and respondent lived together for some 27 years in a house owned by respondent. On the night of December 23, 2012, they had a party. Late in the evening, petitioner and respondent, who by his own testimony had drunk at least "three beers and a couple of drinks of whiskey," got into a heated argument that culminated in respondent throwing a cup or glass of ice water in petitioner's face.[1] Respondent testified that petitioner had been "abusing him verbally" and he threw the water "to cause her to cool off." After respondent went to bed, he was awakened by the police, who arrested him and charged him with domestic assault.

Petitioner filed a petition for an order of protection on January 4, 2013. The court issued a temporary ex parte order of protection the same day. Thereafter, respondent filed a motion "for exclusive possession of [his] residence" asking the court to "enter an Order requiring the [p]etitioner to vacate his property and awarding him exclusive possession so that he may be permitted to return home during the pendency of this action." Petitioner responded with a "counter-motion" stating that she "wishes to move out of the shared residence, but is financially unable due to the costs involved." Petitioner asked the court to grant her possession of the shared residence while the protective order "or any subsequently issued restraining order" remains in place, or, in the alternative, to order that respondent "provide suitable alternative housing for the petitioner [and] advance to petitioner any reasonable and necessary expenses incurred in moving and establishing such alternative housing."

After a brief agreed continuance, the trial court conducted a hearing on February 4, 2013. The court heard the testimony of petitioner, petitioner's adult daughter, and respondent. At the end of the hearing, the trial court announced its decision from the bench, stating:

> The first thing I'm going to do is I'm going to order a mutual order of protection. Each party shall be restrained from coming about each other.
>
> The Court is also going to order that neither party take any action that is destructive of either party's personal property.

---

[1]The container of water is at times described in the record as a "cup" and at times a "glass." Whichever it was, respondent threw only the ice water at petitioner, not its container.

> This will be a one year order which says they should stay away
> from one another and have no personal contact whatsoever.
>
> The main issue between these parties is how are we going to
> accomplish this separation? I'm going to allow the petitioner to
> stay in this house for two more weeks.
>
> I'm going to order the respondent to make a payment of $2,500
> to the petitioner for either one of two things: to help box up and
> take [her] property here, to a storage area here in Chattanooga,
> or to help in the moving expenses to another state.

On February 4, 2013, immediately after the hearing, the trial court filled out and entered a fill-in-the blanks form order of protection that became effective immediately and stated that it "ends in one year." This order did not state that it was *mutually* enforceable, and did not contain the trial court's prior dispositions pertaining to (1) possession of respondent's house and for how long and (2) the court's award of $2,500 to petitioner for moving expenses. Shortly thereafter, each party filed a proposed order with the trial court. Petitioner filed an objection to respondent's proposed order. Respondent filed a response. The trial court signed and entered, as a final judgment, respondent's proposed order, which stated as follows:

> The Court hereby revokes the form Order of Protection entered
> on February 4, 2013. It is hereby ORDERED, ADJUDGED and
> DECREED that:
>
> 1. The ex parte Order of Protection entered against Respondent
> on January 4, 2013 is hereby dissolved.
>
> 2. A mutual Order of Protection shall be in effect for one (1)
> year from February 4, 2013, all terms of which are contained
> herein;
>
> 3. Petitioner shall have sole and exclusive possession of the
> couple's previously shared residence . . . for fourteen (14) days
> from February 4, 2013;
>
> 4. Petitioner shall vacate the premises not later than Monday,
> February 18, 2013 at 4:00 p.m. EST. Prior to such time, neither
> Respondent nor anyone acting on his behalf shall enter or

approach the Premises, or otherwise interfere with Petitioner's exclusive possession or quiet enjoyment of the Premises. After such time, neither Petitioner nor anyone acting on her behalf shall enter or approach the Premises, or otherwise interfere with Respondent's exclusive possession or quiet enjoyment of the premises;

5. Both parties are enjoined from intentionally damaging, destroying or otherwise devaluing the personal or real property of the other;

6. Respondent shall pay to Petitioner . . . $2,500.00 to assist with Petitioner's moving expenses;

7. Respondent shall pay . . . $2,525.00, consisting of attorney's fees ($2,450.00) and seventy-five dollars ($75.00) in discretionary costs . . . and

8. Court costs shall be taxed to Respondent for which execution may issue.

Petitioner timely filed a notice of appeal.

## II.

Petitioner raises the issues of whether the trial court erred in granting a *mutual* order of protection without prohibiting contact between the parties and without including the mandatory provisions contained in Tenn. Code Ann. §§ 36-3-606 and -625. Respondent argues that the trial court correctly dissolved the temporary ex parte order of protection and that "[t]his Court should also strike the remaining portion of the trial court's order" because petitioner failed to prove that he was guilty of domestic abuse.

## III.

In this non-jury case, our review is de novo upon the record, with a presumption of correctness as to the trial court's factual determinations, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); **Murfreesboro Med. Clinic, P.A. v. Udom**, 166 S.W.3d 674, 678 (Tenn. 2005). The trial court's conclusions of law, however, are not accorded such a presumption. **Udom**, 166 S.W.3d at 678; **Campbell v. Florida Steel Corp.**, 919 S.W.2d 26, 35 (Tenn. 1996). Our de novo review is subject to the well-established principle that the trial

-4-

court is in the best position to assess the credibility of the witnesses; accordingly, such determinations are entitled to great weight on appeal. *Columbus Med. Servs., LLC v. Thomas*, 308 S.W.3d 368, 383 (Tenn. Ct. App. 2009); *Vantage Tech., LLC v. Cross*, 17 S.W.3d 637, 644 (Tenn. Ct. App. 1999).

IV.

A.

We first address the issue of whether the trial court erred in entering a *mutual* order of protection when respondent never asked the court for a protective order. We conclude that it did. This Court has addressed this issue. In *Merriman v. Merriman*, No. E2010-00013-COA-R3-CV, 2010 WL 3767116 (Tenn. Ct. App. E.S., filed Sept. 28, 2010), we stated the following:

> As relevant to this appeal, Tenn. Code Ann. § 36-3-605(a) & (b) provide as follows:
>
> (a) Upon the filing of a petition under this part, the courts may immediately, for good cause shown, issue an ex parte order of protection. An immediate and present danger of abuse to the petitioner shall constitute good cause for purposes of this section.
>
> (b) Within fifteen (15) days of service of such order on the respondent under this part, a hearing shall be held, at which time the court *shall either dissolve* any ex parte order that has been issued, *or shall*, if the petitioner has proved the allegation of domestic abuse, stalking or sexual assault by a preponderance of the evidence, *extend the order of protection for a definite period of time, not to exceed one (1) year*, unless a further hearing on the continuation of such order is requested by the respondent or the petitioner; in which case, on proper showing of cause, such order may be continued for a further definite period of one (1) year, after which time a further hearing must be held for any subsequent one-year period. Any ex

-5-

> parte order of protection shall be in effect until
> the time of the hearing, and, if the hearing is held
> within fifteen (15) days of service of such order,
> the ex parte order shall continue in effect until the
> entry of any subsequent order of protection issued
> pursuant to § 36-3-609....
>
> Tenn. Code Ann. § 36-3-605(a) & (b) (Supp. 2009).
>
> Petitioner correctly points out that pursuant to the above statute,
> at a hearing following entry of an ex parte order of protection,
> a trial court has two options: (1) to dissolve the ex parte order of
> protection; or (2) exten[d] the order of protection for a definite
> period not to exceed one year. Entering a mutual restraining
> order, as was done in the present case, is not one of the statutory
> options available to a trial court. Accordingly, we vacate the
> judgment of the Trial Court and remand this case for further
> proceedings[.]

2010 WL 3767116 at *1-2 (emphasis in original); *see also* **Carr v. Allen**, No. E2010-00817-COA-R3-CV, 2011 WL 578752 at *2-3 (Tenn. Ct. App. E.S., filed Feb. 16, 2011) (applying same analysis under similar facts and vacating mutual order of protection); **Wiser v. Wiser**, No. M2010-02222-COA-R3-CV, 2011 WL 4729870 at *3 (Tenn. Ct. App. E.S., filed Oct. 7, 2011) ("[O]nce an Ex Parte Order of Protection has been entered . . . [e]ntering a mutual restraining order is not an option for the trial court, and has been held to be reversible error."). As we have noted, only petitioner asked the court for a protective order. At the hearing, respondent did not present any evidence that would support an order of protection against petitioner. Under these circumstances, and under the authority of Tenn. Code Ann. § 36-3-605, **Merriman**, **Carr**, and **Wiser**, we vacate the "mutuality" aspect of the trial court's protective order.

B.

As **Merriman** and **Carr** noted, Tenn. Code Ann. § 36-3-605 provides two approaches for a court following the issuance of an ex parte order of protection – dissolve the ex parte order, or extend the order of protection for a definite period up to one year. Obviously, the dissolution of a temporary ex parte order is warranted when the trial court concludes that the petitioner did not prove the allegation of domestic abuse, stalking, or sexual assault by a preponderance of the evidence. *See* **Collins v. Pharris**, No. M1999-00588-COA-R3-CV, 2001 WL 219652 at *5 (Tenn. Ct. App. M.S., filed Mar. 7, 2001) ("[A]n order of protection

is appropriate only where there is sufficient evidence that the victim needs the protection available."). Conversely, "if the petitioner has proved the allegation of domestic abuse, stalking or sexual assault by a preponderance of the evidence," then the court "shall . . . extend the order of protection for a definite period of time, not to exceed one (1) year." Tenn. Code Ann. § 36-3-605(b).

In the present case, it is clear from the trial court's statements at the close of the hearing and its subsequently entered orders that the court elected to "extend" the order of protection. On the day of the hearing, February 4, 2013, the trial court filled out and entered a form order of protection, checking the boxes on the form that stated, "[b]ased on the information in the *Petition*, and the hearing held, the court finds that the Respondent: ⊠ Did the things listed in the Petition and the court adopts these as facts and incorporates them by reference," and "Respondent has specifically: ⊠ Abused/Threatened to Abuse" the petitioner. (Italics in original.) It seems likely that the court entered this form order to ensure that a valid protective order would be in place until the court received and considered the proposed orders from the parties. Twenty-two days after entering the form order, the trial court signed the order[2] containing its final judgment, which (1) "revoked" the form order of protection entered February 4, 2013; (2) "dissolved" the temporary ex parte order of protection of January 4, 2013; and (3) entered an order of protection stating that it "shall be in effect for one (1) year from February 4, 2013, all terms of which are contained herein." From these actions of the trial court, it is clear to us that the court "dissolved" the original ex parte order of protection *not* because the petitioner failed to prove domestic abuse (as respondent argues here), but because the ex parte order was to be superseded by the court's later-issued order of protection, the terms of which were different from the original ex parte order. The trial court was at liberty to change the terms of its protective order prior to entering final judgment. Tenn. Code Ann. § 36-3-605 gives the trial court substantial leeway in modifying an order of protection:

> (d) Within the time the order of protection is in effect, any court of competent jurisdiction may modify the order of protection, either upon the court's own motion or upon motion of the petitioner. . . . No new petition is required to be filed in order for a court to modify an order or extend an order pursuant to this subsection (d).

We reject respondent's assertion that petitioner failed to present sufficient evidence to prove by a preponderance that he committed domestic abuse. Respondent's argument, in

[2]The trial court signed the final order on February 26, 2013. The court clerk's stamp indicates that it was not entered until March 13, 2013.

essence, is that because having a glass of ice water thrown in one's face is unlikely to cause serious physical harm, it cannot constitute "domestic abuse" as a matter of law. The governing statute, Tenn. Code Ann. § 36-3-601(1), provides the following definition in pertinent part:

> "Abuse" means inflicting, or attempting to inflict, physical injury on an adult or minor by other than accidental means, placing an adult or minor in fear of physical harm, physical restraint, [or] malicious damage to the personal property of the abused party . . .

Although petitioner did not testify about the specifics of the ice water incident, she did testify that she was afraid of respondent and "fearful that he may hurt" her. Petitioner's adult daughter testified that she was fearful for her mother's safety and that she had witnessed respondent's abusive behavior in the past. The determination of the preponderance of the evidence regarding allegations of abuse is largely fact-driven, and dependent on credibility, including demeanor assessments. The evidence does not preponderate against the trial court's finding that respondent was guilty of domestic abuse by throwing ice water on petitioner when he was in a potentially intoxicated state as the culmination of a heated argument. Under the circumstances, his action could reasonably be seen as a harbinger of worse to come.

Respondent, in his brief, very generally states as an issue "whether the trial court erred in the remainder of its order" and asserts that "[t]his Court should affirm that part of the trial court's order dismissing the ex parte order of protection [and] also strike the remaining portion of the trial court's order." However, respondent has only presented an argument regarding his assertion that petitioner failed to prove domestic abuse. Respondent makes no argument, and cites no authority, regarding the trial court's order requiring him to pay $2,500 toward petitioner's moving expenses and $2,525 in attorney's fees and discretionary costs. We do not think respondent has raised an issue other than the sufficiency of proof of domestic abuse. Respondent has waived any other issues by failing to present argument and cite legal authority in his brief. *See* ***State v. Hester***, 324 S.W.3d 1, 80 (Tenn. 2010) (observing that "[i]t is not the responsibility of Tennessee's appellate courts to research or construct the parties' arguments for them" and holding that "[a] reviewing court may deem an issue waived when a party fails to develop an argument in support of its contention or merely constructs a skeletal argument"); ***Chiozza v. Chiozza***, 315 S.W.3d 482, 489 (Tenn. Ct. App. 2009) (" 'an issue is waived where it is simply raised without any argument regarding its merits.' ") (quoting ***Bean v. Bean***, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000)).

## C.

Petitioner argues that the trial court's final order of protection was legally deficient because it failed to comport with the requirements found at Tenn. Code Ann. §§ 36-3-606 and -325. Regarding the content of a protective order, Tenn. Code Ann. § 36-3-606 provides:

> (a) A protection order granted under this part to protect the petitioner from domestic abuse, stalking or sexual assault *may include*, but is not limited to:
>
> (1) Directing the respondent to refrain from committing domestic abuse, stalking or sexual assault or threatening to commit domestic abuse, stalking or sexual assault against the petitioner or the petitioner's minor children;
>
> (2) Prohibiting the respondent from coming about the petitioner for any purpose, from telephoning, contacting, or otherwise communicating with the petitioner, directly or indirectly;
>
> (3) Prohibiting the respondent from stalking the petitioner, as defined in § 39-17-315;
>
> (4) Granting to the petitioner possession of the residence or household to the exclusion of the respondent by evicting the respondent, by restoring possession to the petitioner, or by both;
>
> (5) Directing the respondent to provide suitable alternate housing for the petitioner when the respondent is the sole owner or lessee of the residence or household;
>
> (6) Awarding temporary custody of, or establishing temporary visitation rights with regard to, any minor children born to or adopted by the parties;
>
> (7) Awarding financial support to the petitioner and such persons as the respondent has a duty to support. Except in cases of paternity, the court shall not have the authority to order financial support unless the petitioner and respondent are legally

married. Such order may be enforced pursuant to chapter 5 of this title;

(8) Directing the respondent to attend available counseling programs that address violence and control issues or substance abuse problems. . . .

(9) Directing the care, custody, or control of any animal owned, possessed, leased, kept, or held by either party or a minor residing in the household. . . .

(10) Directing the respondent to immediately and temporarily vacate a residence shared with the petitioner, pending a hearing on the matter, notwithstanding any provision of this part to the contrary; or

(11) Directing the respondent to pay the petitioner all costs, expenses and fees pertaining to the petitioner's breach of a lease or rental agreement for residential property if the petitioner is a party to the lease or rental agreement and if the court finds that continuing to reside in the rented or leased premises may jeopardize the life, health and safety of the petitioner or the petitioner's children. Nothing in this subdivision (a)(11) shall be construed as altering the terms of, liability for, or parties to such lease or rental agreement.

(b) Relief granted pursuant to subdivisions (a)(4)-(8) shall be ordered only after the petitioner and respondent have been given an opportunity to be heard by the court.

(c) Any order of protection issued under this part *shall include* the statement of the maximum penalty that may be imposed pursuant to § 36-3-610 for violating such order.

(Emphasis added). As can be seen, subsection (c) requires a protective order to include the maximum statutory penalty for violating the order. Petitioner correctly asserts that the trial court's order in this case lacks this required provision. We hold that the order should be modified to comport with the statute in this regard.

The remainder of the provisions listed at Tenn. Code Ann. § 36-3-606(a) are permissive – the court may, but is not required to, include any of them in its order of protection. Petitioner argues that the court erred by failing to include a provision requiring respondent to stay away from and have no contact with petitioner. Such a provision, however, is not required by the statute. Its absence in the court's order does seem unusual, though, and in the event that such a provision was inadvertently omitted, the statute allows the trial court to modify the protective order, as already noted.

Finally, petitioner points to Tenn. Code Ann. § 36-3-606(g), which provides that "[a]n order of protection issued pursuant to this part *that fully complies with* 18 U.S.C. § 922(g)(8) shall contain the disclosures set out in § 36-3-625(a)."[3] (Emphasis added). The federal statute referenced provides as follows in pertinent part:

> (g) It shall be unlawful for any person –
>
> *          *          *
>
> (8) who is subject to a court order that –
>
> (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;

---

[3]Tenn. Code Ann. § 36-3-625(a) provides:

> (a) Upon issuance of an order of protection that fully complies with 18 U.S.C. § 922(g)(8), the order shall include on its face the following disclosures:
>
> (1) That the respondent is required to dispossess the respondent by any lawful means, such as transferring possession to a third party who is not prohibited from possessing firearms, of all firearms the respondent possesses within forty-eight (48) hours of the issuance of the order;
>
> (2) That the respondent is prohibited from possessing a firearm for so long as the order of protection or any successive order of protection is in effect, and may reassume possession of the dispossessed firearm at such time as the order expires or is otherwise no longer in effect; and
>
> (3) Notice of the penalty for any violation of this section and § 39-17-1307(f).

(B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and

(C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or

(ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury; or

(9) who has been convicted in any court of a misdemeanor crime of domestic violence,

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g). The trial court's order in this case is not an order that "fully complies" with 18 U.S.C. § 922(g). The order does not restrain respondent "from harassing, stalking, or threatening" petitioner; it does not "include[] a finding that [respondent] represents a credible threat to the physical safety of" petitioner; and it does not "by its terms explicitly prohibit[] the use, attempted use, or threatened use of physical force against" petitioner. Consequently, the disclosures at Tenn. Code Ann. § 36-3-625(a) regarding firearm dispossession are not required in this case. We find no error in the trial court's order of protection as far as this issue is concerned.

D.

Petitioner seeks an award of her attorney's fees and costs on appeal, pursuant to Tenn. Code Ann § 36-3-617, which provides:

(a)(1) Notwithstanding any other law to the contrary, no domestic abuse victim, stalking victim or sexual assault victim shall be required to bear the costs, including any court costs, filing fees, litigation taxes or any other costs associated with the

filing, issuance, registration, service, dismissal or nonsuit, appeal or enforcement of an ex parte order of protection, order of protection, or a petition for either such order, whether issued inside or outside the state. If the court, after the hearing on the petition, issues or extends an order of protection, all court costs, filing fees, litigation taxes and attorney fees shall be assessed against the respondent.

In *Wiser*, we addressed this issue by stating as follows:

Since the Trial Court issued the Order of Protection, finding "abuse" as defined by the statute, and since we have upheld the issuance of said Order of Protection on appeal, the wife is entitled to an award of attorney's fees and costs incurred in defending this appeal. *See Land v. Casteel*, 2011 WL 808784 (Tenn. Ct. App. Mar. 8, 2011); *Brown v. Vaughn*, 2010 WL 3767123 (Tenn. Ct. App. Sep. 28, 2010).

We hold, as in *Wiser*, that petitioner is entitled to attorney's fees and costs incurred on appeal.

V.

The judgment of the trial court is affirmed as modified. On remand, the trial court is directed to modify its order of protection to remove the "mutuality" provision and clarify that it is enforceable against respondent only, and to include a provision regarding penalties for violating the order that comports with Tenn. Code Ann § 36-3-606(c). The trial court is further directed to establish a reasonable award of attorney's fees and costs incurred on this appeal to be awarded in petitioner's favor. This opinion shall not affect the duration of the trial court's protective order – the order remains in effect until February 4, 2014 as provided by the trial court's final judgment, unless subsequently modified by the trial court pursuant to applicable statute. Costs on appeal are assessed to the respondent, Sammy Lee Brown.

_____
CHARLES D. SUSANO, JR., PRESIDING JUDGE