IN THE COURT OF APPEALS OF TENNESSEE
AT MEMPHIS
February 25, 2015 Session

**FAIRY BERRY v. CITY OF MEMPHIS**

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT00310304     Karen R. Williams, Judge**

**No. W2014-01236-COA-R3-CV – Filed April 13, 2015**

This appeal arises from the trial court's award of damages stemming from an automobile accident. In 2003, plaintiff was injured when her vehicle was struck by a Memphis Police Department officer's car in an intersection. After a non-jury trial, the trial court awarded plaintiff damages for pain and suffering and loss of enjoyment of life. The City of Memphis appeals these damages, arguing (1) plaintiff's expert non-treating physician was not qualified to opine as to emergency room treatment or costs; (2) plaintiff should not recover for her failure to mitigate her damages by exacerbating her injury; and (3) plaintiff's testimony wherein she explains her ongoing pain did not warrant the amount of damages she was awarded. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the Court, in which ARNOLD B. GOLDIN, J., and BRANDON O. GIBSON, J., joined.

Roane Waring, III, Memphis, Tennessee, for the appellant, City of Memphis.

James M. Gulley and Daniel F.B. Peel, Memphis, Tennessee, for the appellee, Fairy Berry.

# OPINION

## Background

On May 31, 2003, Fairy Berry and her daughter, Demetria Rhodes,[1] were injured when her vehicle was struck by Officer Fred Williams' police car at an intersection. Ms. Berry was rendered unconscious because of the impact, and responders removed her from her vehicle using the jaws of life. She was immediately transported to Saint Francis Hospital's ("hospital") emergency room where she received treatment, including x-rays and a CT scan. Ms. Berry sustained a large contusion on her head and numerous musculo-skeletal injuries to her head, neck, back, and chest. However, Ms. Berry's x-rays showed no abnormalities. The hospital discharged Ms. Berry several hours later. Two days after the accident, Ms. Berry saw her private doctor complaining of a headache, neck pain, lower back pain, and leg pain. Her doctor referred her to HealthSouth for physical therapy, and she completed treatment at HealthSouth on July 23, 2003. HealthSouth recommended several exercises for Ms. Berry to complete at home, which Ms. Berry did. On May 27, 2004, Ms. Berry filed a complaint against the City of Memphis and Officer Williams alleging negligence.

On March 4, 2013, the trial court presided over a bench trial, which spanned several days, concluding on April 11, 2013.[2] At trial, three witnesses testified in person, including Ms. Berry; Demetria Rhodes, Ms. Berry's daughter and passenger at the time of the accident; and Carolyn Hughey, Ms. Berry's friend. Two more witnesses, Officer Williams and Dr. Robert H. Ball, M.D., testified by deposition. Although liability was an issue at trial, liability is undisputed for purposes of this appeal. Accordingly, we focus our recitation of the facts on the subject matter of this appeal, which include Ms. Berry's physical injuries and non-economic damages.

Ms. Berry's testimony detailed her injuries resulting from the accident. Immediately following the accident, Ms. Berry experienced pain in her neck, back, legs, and head. She testified that, following the accident, her consciousness went in and out. She also testified that she had multiple bruises on her body from the accident, specifically on her legs, chest, and back. She testified that the bruises on her back resulted from when her "seat crushed on my back." Additionally, she stated that her air bag never deployed.

---

[1] Ms. Rhodes initially filed her own lawsuit as an injured plaintiff. However, Ms. Rhodes' and Ms. Berry's cases were consolidated. The City has only appealed the award of damages to Ms. Berry, and not to Ms. Rhodes.

[2] There is no explanation in the record for the delay between Ms. Berry's filing of her complaint and the trial date, approximately 9 years later.

Ms. Berry, who has been employed by the Internal Revenue Service for nearly 30 years, missed approximately 45 days of work as a result of the accident. Although the accident had occurred ten years prior to trial, Ms. Berry testified that she still experienced pain on a daily basis. She also stated that she now requires a special chair to alleviate her pain while sitting at her job, and she also must periodically walk around to help with the pain associated with prolonged sitting. Still, Ms. Berry stated that she believed continual physical therapy to be unnecessary, testifying: "I just didn't go back to therapy. But I do the exercises that they gave me. And with my chair and my stretches, the things that I know that helps me during the day, I just - - daily basis, those things help me, so I just continue to do those to function through my daily activities."

Ms. Berry's daughter, Ms. Rhodes, also testified about the accident and how it affected her mother. She corroborated her mother's testimony concerning the accident and the impact. She also stated she sustained minor injuries in the accident. Concerning her mother after the accident, Ms. Rhodes testified: "I thought she was dead, when I was first sitting there and after she wasn't talking. But I'm - - I'm just thankful that we're alive." She recounted trying to wake Ms. Berry up after the accident by tapping her on her shoulder and saying "Mama. Mama." She testified that she watched a nurse on the scene take Ms. Berry's pulse. Ms. Rhodes stated that Ms. Berry was either unconscious or unresponsive when she initially was admitted into the hospital.

Carolyn Hughey, Ms. Berry's friend, also expounded on Ms. Berry's injuries and her recovery. She visited Ms. Berry at the hospital immediately following the accident. Ms. Hughey similarly testified that, upon her arrival at the hospital, Ms. Berry "was out" and not responding or communicating. She testified that for the next three weeks she came to Ms. Berry's house to assist her with household duties because Ms. Berry had difficulty walking and remained in pain. Ms. Hughey stated that even six months after the accident, Ms. Berry still showed signs of her injury and complained of pain. Further, Ms. Hughey testified that Ms. Berry continues to walk differently, "wobbly like," because of the accident.

Regarding Ms. Berry's medical treatment and bills, Dr. Robert H. Ball testified by deposition as an expert witness. Dr. Ball has experience as a family physician in internal medicine, physical therapy, and emergency medicine, although he had not worked in an emergency room for around 25 years. After summarizing and explaining the costs for Ms. Berry's treatment, he testified that Ms. Berry's medical bills were reasonable and necessary.

On May 27, 2014, the trial court issued a letter to all counsel and parties detailing its findings of facts and conclusions of law. After determining that Ms. Berry was not at

3

fault, the trial court ultimately found in favor of Ms. Berry in the amount of $151,766.36. The trial court awarded damages in the following manner:

| | |
|---|---|
| Medical bills: | $9,315.56 |
| Loss of automobile: | $11,500.00 |
| Lost wages: | $5,950.00 |
| Pain and suffering: | $90,000.00 |
| Loss of enjoyment of life: | $35,000.00 |

The trial court also awarded Ms. Berry her court costs and discretionary costs. The City filed a timely appeal.

**Analysis**

The City raises one issue for appellate review, as taken from its brief: "Whether the trial court abused its discretion in its award to the Appellee of her pain and suffering and loss of enjoyment of life damages." The City's argument, as explained in the argument section of its appellate brief, as to this issue is three-fold. We address each of the City's contentions in turn.

The City first contends that Dr. Ball was not properly qualified to testify as an expert witness concerning certain medical bills incurred by Ms. Berry. Before addressing the merits of this argument, we must first analyze whether the City properly designated this issue for appeal. We conclude that it did not. In its brief, the City argues that Dr. Ball lacks the necessary qualifications to serve as an expert witness and offer an opinion as to Ms. Berry's medical bills. However, the City's Statement of the Issues specifically only challenges the award of non-economic damages to Ms. Berry. Accordingly, the City has waived the issue regarding Ms. Berry's medical bills. *See **Forbess v. Forbess***, 370 S.W.3d 347, 356 (Tenn. Ct. App. 2011) (holding that litigant waived an issue by his failure to designate it as an issue in his statement of the issues).

Further, even assuming *arguendo* that the City properly designated the issue of the qualifications of Dr. Ball as an expert witness in its Statement of the Issues, we still must conclude that this issue is waived for the City's failure to properly preserve the issue for appeal in the trial court. It is well-settled that a "party must complain and seek relief immediately after the occurrence of a prejudicial event." ***Gotwald v. Gotwald***, 768 S.W.2d 689, 694 (Tenn. Ct. App. 1988). As such, a litigant must bring an error to the attention of the trial court, typically by contemporaneous objection. ***Id.*** The failure to make a timely, specific objection to the trial court prevents an appellant from challenging the introduction of evidence for the first time on appeal. ***Ehrlich v. Weber***, 88 S.W. 188,

189 (Tenn. 1905); *see also* **In re R.C.V.**, W2001-02102-COA-R3JV, 2002 WL 31730899 (Tenn. Ct. App. Nov. 18, 2002) ("Failure to object to evidence in a timely and specific fashion precludes taking issue on appeal with the admission of evidence."); **Bates v. Dennis**, 30 Tenn.App. 94, 203 S.W.2d 928, 934 (Tenn. Ct. App. 1947) ("Whether this evidence was competent is not in question, for there was no objection to it on the trial and no complaint is made here of its admission. Hence it is to be considered for what it is worth, however little."). Moreover, on appeal, Rule 6 of the Rules of the Court of Appeals of Tennessee requires the following:

> (a) Written argument in regard to each issue on appeal shall contain:
>
> (2) A statement showing how such **alleged error was seasonably called to the attention of the trial judge** with citation to that part of the record where appellant's challenge of the alleged error is recorded.

(Emphasis added). Here, a thorough review of the record reveals that the City did not raise an objection before the trial court arguing that Dr. Ball lacked the necessary qualifications to be admitted as an expert.[3] Accordingly, this issue is waived.

Next, we turn to the City's two remaining contentions that Ms. Berry's own actions and her own testimony demonstrate that the trial court's award of non-economic damages to her was in error. Before we can address the substance of these issues, we must discuss the deficiencies in the City's appellate brief, as it has a significant effect on this part of the City's argument. Specifically, the second and third sections of the City's argument (i.e. Ms. Berry's failure to mitigate her damages and Ms. Berry's testimony not warranting the amount of damages awarded) are completely devoid of any citation to

---

[3]We recognize that counsel for the City did make an objection at the beginning of Dr. Ball's deposition. However, we conclude that the City's objection at the deposition is properly categorized as a hearsay objection concerning the unavailability of witnesses pursuant to Tennessee Rule of Evidence 804. Specifically, the City, in its objection, stated that Dr. Ball was required to be present and testify at trial. In its appeal to this Court, however, the City instead characterizes its issue as one relating to the qualifications of Dr. Ball to testify as an expert witness, and not merely whether he must be deemed "unavailable" before his deposition can be admitted at trial. As such, because the only objection to Dr. Ball's deposition concerned its admissibility, and not Dr. Ball's qualifications, we conclude that the City failed to seasonably call the alleged error to the trial court's attention, and it has waived this issue. *See* R. Ct. App. Tenn. 6; **Ehrlich**, 88 S.W. at 189.

authority.[4]

Rule 27 of the Tennessee Rules of Appellate Procedure provides that an appellant's brief "shall contain":

> An argument, which may be preceded by a summary of argument, setting forth:
>
> > (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, **with citations to the authorities** . . . .

(Emphasis added). Our courts have repeatedly held that the failure to cite to relevant legal authority to support an argument may result in a waiver of the argument on appeal. *See, e.g.*, *Forbess v. Forbess*, 370 S.W.3d 347, 355 (Tenn. Ct. App. 2011); *Chiozza v. Chiozza*, 315 S.W.3d 482, 489 (Tenn. Ct. App. 2009); *Lett v. Collis Foods, Inc.*, 60 S.W.3d 95, 105 (Tenn. Ct. App. 2001); *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000); *Rampy v. ICI Acrylics, Inc.*, 898 S.W.2d 196, 210 (Tenn. Ct. App. 11 1994). Here, the City has cited no authority demonstrating to this Court why Ms. Berry's actions or testimony demonstrate that the trial court's award of non-economic damages was excessive. Accordingly, we must conclude that the City has waived this part of its argument.

Because of the City's failure to make seasonable objections to the qualification of Dr. Ball as an expert, and because of the City's failure to cite to any authority on the remaining parts of its argument, we conclude that the entirety of the City's appeal has been waived. It is not the function of the appellate court to research and construct the parties' arguments. *Coleman v. Coleman*, No. W2011-00585-COA-R3-CV, 2015 WL 479830, at *9 (Tenn. Ct. App. Feb. 4, 2015). Based on the lack of authority cited in the City's brief to support its argument that the trial court abused its discretion, we can only

---

[4]As an example of the brevity of the City's argument, we have reproduced the City's argument concerning Ms. Berry's failure to mitigate her damages, in its entirety:

> The records of HealthSouth show during her treatment that she knew what was causing her pain. Setbacks in the Appellee's therapy program were caused by her own actions. On July 1, 2003, the Appellee reported that both her neck and back were stiff. She stated her discomfort was caused by sitting two and half [sic] hours. On July 2, 2003, the Appellee reported that the stiffness in her neck and back were caused by attending a play and sitting for two and a half hours.

conclude that the trial court did not abuse its discretion in awarding Ms. Berry non-economic damages. Accordingly, we affirm the judgment of the trial court and remand for further proceedings consistent with this Opinion.

## Conclusion

The judgment of the Circuit Court of Shelby County is affirmed and this cause is remanded to the trial court for further proceedings in accordance with this Opinion. Costs of this appeal are taxed to Appellant City of Memphis, and its surety.

_____
J. STEVEN STAFFORD, JUDGE

7