IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 28, 2009 Session

## GENA MAGLIO CHIOZZA v. CHRISTOPHER ALEXANDER CHIOZZA

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-005940-04    Robert L. Childers, Judge**

_____

**No. W2008-02415-COA-R3-CV - Filed November 20, 2009**

_____

This case arises from a post-divorce motion to modify child support to include payment of the minor children's private school tuition. Because Appellant/Father's brief fails to comport with Tenn. R. App. P. 27 and Rule 6 of the Court of Appeals, and because Appellant/Father has failed to comply with this Court's order to supplement the appellate record with necessary documents, we dismiss the appeal. Mother/Appellee has requested attorney's fees accrued in defense of this appeal. Pursuant to Tenn. Code Ann. § 27-1-122, we exercise our discretion and award Ms. Chiozza her fees, and remand for the determination of the amount of those fees. Dismissed and remanded.

**Tenn. R. App. P. 3. Appeal as of Right; Appeal Dismissed and Remanded**

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P. J., W.S., and Holly M. Kirby, J., joined.

Christopher Alexander Chiozza, Memphis, Tennessee, pro se.

Aubrey L. Brown, Jr. and Leigh-Taylor White, Memphis, Tennessee, for the Appellee, Gena Maglio Chiozza.

## OPINION

Appellant Christopher Alexander Chiozza and Appellee Gena Maglio Chiozza were divorced by final decree entered on April 25, 2006. Two children (d.o.b. March 25, 2000, and March 13, 2002) were born to the marriage. A Permanent Parenting Plan was entered by the trial court, which plan designated Ms. Chiozza as the primary residential parent. Mr. Chiozza was granted visitation, and was ordered to pay child support in the amount of $1,238.00 per month. The amount of child support was calculated pursuant to the Tennessee Child Support Guidelines, and was based upon Mr. Chiozza's monthly gross income of $8,316.66, and Ms. Chiozza's monthly gross income of $2,204.16. The parenting plan also provides, in relevant part, that:

> [T]he child support shall be recalculated every year by May 1st and modified accordingly after all yearly income information has been exchanged regardless of the presence or absence of a significant variance. Nothing herein shall be deemed to preclude either party in any subsequent hearing for modification of child support from contending that the other is underemployed or unemployed, etc. Both parties agree to execute a release if requested by the other party to obtain income information directly from the other's employment.

To establish this, the parties were to exchange annual income information by April 15th of each year. Uncovered medical expenses incurred on behalf of the minor children were to be divided equally. Although the parenting plan provided that disagreements about the plan, or requests to modify same, must be submitted to mediation, "financial support issues including child support, health and dental insurance, uncovered medical and dental expenses, and life insurance," were specifically excluded from this requirement.

At the time of the divorce, the parties' oldest child was attending Saint Francis, a private Catholic school in Memphis. The parties' youngest child was enrolled in Germantown Methodist, a private preschool in Memphis. The parties were essentially splitting the cost of private school tuition. Mr. Chiozza was paying the youngest child's tuition at Germantown Methodist, which was approximately $3,600 per year. Ms. Chiozza was paying the oldest child's tuition at Saint Francis. According to the record, this arrangement continued for some time after the divorce.

On March 15, 2007, Ms. Chiozza petitioned the court to modify the final decree of divorce and, specifically, the permanent parenting plan. On March 28, 2007, the court entered an order of reference, referring the petition to the Divorce Referee for hearing. On September 1, 2007, the trial court entered an order confirming the ruling of the Referee. Specifically, the court held that:

> b. The average gross monthly income of [Mr. Chiozza] is $9,441.00. The average gross monthly income of Mother is $3,333,33.
>
> \*                              \*                              \*
>
> f. The minor children attend private school at St. Francis, at an average monthly tuition cost to Mother of $1,175.00. Under the circumstances presented, it is appropriate that Father pay for one-half (50%) of said monthly tuition, $587.50 per month, and that the same be included in the final child support order as a deviation from the guidelines.
>
> \*                              \*                              \*

h. In consideration of the foregoing, Father's monthly cash child support obligation for the parties' two (2) minor children should be increased to $2,331,00, effective April 1, 2007.

\*                          \*                          \*

The retroactive increase in child support results in a child support arrearage for the period of April 1, 2007, through August 31, 2007, of $5,465.00, and the same shall be and hereby is reduced to judgment and Father shall pay the same to Mother upon entry of this Order....

Prior to this order being entered, Mr. Chiozza filed a motion excepting to the Referee's ruling and an appeal of the order.

On or about September 24, 2007, Ms. Chiozza filed a petition for citation for civil and criminal contempt against Mr. Chiozza. Therein, Ms. Chiozza avers that:

Father has willfully failed and refused to abide by the terms and conditions of [the September 1, 2007] Order Confirming Ruling of Divorce Referee. Specifically, Father has willfully failed and refused to pay...child support as ordered.... From August 28, 2007, the date of the hearing before the Divorce Referee, through the date of execution of this Petition, Father has only paid to Mother a total of $620.00 (on September 15, 2007), and he is accordingly in arrears in his child support obligation to Mother in the total amount of $7,076.00....

On September 26, 2007, the court entered an application and order for wage assignment directing Mr. Chiozza's employer to begin withholding his monthly child support, and to pay it to the Central Child Support Receipting Unit for disbursement to Ms. Chiozza. On November 2, 2007, Ms. Chiozza filed an amendment to her petition for citation for civil and criminal contempt. Ms. Chiozza's motion was heard on August 15, 2008. By Order of August 28, 2008, the court found Mr. Chiozza to be in contempt of court for willful failure to pay his child support arrearage of $7,517.33. The court gave Mr. Chiozza until August 29, 2008 to pay. Mr. Chiozza paid the arrearage and, by consent order of September 4, 2008, the garnishment was lifted.

On September 5, 2008, the court heard Mr. Chiozza's motion excepting to the Referee's ruling, and Ms. Chiozza's application for attorney's fees and expenses. By Order of September 25, 2008, the court held that:

2. Pursuant to Rule 1240-2-4-.07(2)(d) of the Tennessee Child Support Guidelines, the children's private school tuition is an

extraordinary expense which the Court may divide between the parties and add to Father's presumptive child support as a deviation. The Court finds that the minor children of the parties were enrolled in private school during the marriage and have continued to be enrolled in private school since that time, that during their separation prior to the divorce the parties were essentially splitting the cost of the children's private school tuition and expenses, that Father has, at the very least, acquiesced in the children's enrollment in private school and has actively participated in their school activities, and that there is no contention that Father can not afford to pay for a portion of the children's private school tuition. Accordingly, it is appropriate that Father pay for one-half (50%) of the children's average monthly tuition amount and that the same be included in the final child support order and added to the presumptive child support as a deviation from the guidelines as set forth in the Child Support Worksheet attached hereto.

\*                              \*                              \*

Effective October 1, 2008, Father's monthly cash child support obligation to Mother shall be and hereby is increased to $2,428.00 per month....

In addition, the court ordered Mr. Chiozza to pay Ms. Chiozza's attorney fees in the amount of $10,750.00. Mr. Chiozza filed a notice of appeal on October 24, 2008. He raises seven issues for review as stated in his brief:

1. Whether the court erred in arbitrarily entering an order requiring the Father to pay for private school tuition when the petition to modify child support did not pray for such action.

2. Whether the court erred in ruling that the Father "acquiesced" [to] the children's...private school by not objecting.

3. Whether the court erred in not remanding the case to mediation [as] set forth in the permanent parenting plan.

4. Whether the court abused its discretion by making an award of attorneys' fees to the Mother when she in fact [] was the party who breached the contract.

-4-

5. Whether the court abused its authority in modifying child support to include private school when the original child support order did not provide for it.

6. Whether the court erred in hearing the modification of child support prematurely as May 1st each year was to be the date, per the MDA.

7. Whether the court was mislead by Mr. Brown [attorney for Ms. Chiozza] in his statement of the facts.

In the posture of Appellee, Ms. Chiozza raises the following, additional issues as stated in her brief:

I. Whether Father has waived the issues raised in his appeal because he has failed to make appropriate references to the record throughout his brief, he has failed to set forth all the facts relevant to the issues he presents for review, he has failed to cite to any legal authority in support of his argument, and he has failed to otherwise comply with the applicable provisions of Tennessee Rule of Appellate Procedure 27 and Rule 6 of the Court of Appeals of Tennessee.

II. Whether Father has waived his right to appeal because he has failed to comply with Tennessee Rule of Appellate Procedure 24 and he has failed to file an adequate transcript or record in the Appellate Court.

We will first address Ms. Chiozza's issues concerning alleged shortcomings in Mr. Chiozza's appellate brief. We first note that we are cognizant of the fact that Mr. Chiozza is proceeding *pro se*. While a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, **Hodges v. Tenn. Att'y Gen**., 43 S.W.3d 918, 920 (Tenn. Ct. App.2000) (citing **Paehler v. Union Planters Nat'l Bank, Inc**., 971 S.W.2d 393, 396 (Tenn. Ct. App.1997)), "[p]ro se litigants are not ... entitled to shift the burden of litigating their case to the courts." **Whitaker v. Whirlpool Corp**., 32 S.W.3d 222, 227 (Tenn. Ct. App.2000) (citing **Dozier v. Ford Motor Co.**, 702 F.2d 1189, 1194-95 (D. C. Cir.1983)). *Pro se* litigants must comply with the same substantive and procedural law to which represented parties must adhere. **Hodges**, 43 S.W.3d at 920-21.

Concerning the contents of appellate briefs, Tenn. R. App. P. 27 provides, in pertinent part, as follows:

(a) Brief of the Appellant. —The brief of the appellant **shall** contain under appropriate headings and in the order here indicated:

(1) A table of contents, with references to the pages in the brief;
(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
(3) A jurisdictional statement in cases appealed to the Supreme Court directly  from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;
(4) A statement of the issues presented for review;
(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
(7) An argument, which may be preceded by a summary of argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on;
(8) A short conclusion, stating the precise relief sought.

(Emphasis added).  Likewise, Rule 6 of the Court of Appeals of Tennessee provides, in pertinent part, as follows:

(a) Written argument in regard to each issue on appeal shall contain:
(1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.
(2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.
(3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.
(4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.
(b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the

argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

(c) Where less than the full record is sufficient to convey a fair, accurate and complete account of the issues on appeal (as set out in Tenn. R. App. P. 24) and counsel for one of the parties desires to file a complete transcript of the proceeding in this Court, counsel may do so. However, this Court may require that party or counsel to bear the expense of the unnecessary part of the transcript and to furnish an appendix as provided in Tenn. R. App. P. 28.

(d) Extensions of time in excess of those provided for in Tenn. R. App. P. 29(a) will not be liberally granted by this Court. Any request for such extension shall be in the form of a written motion setting forth the reasons for the extension sought. Such motion shall be filed or presented to a member of this Court within the time initially allowed by Tenn. R. App. P. 29(a) for the doing of the act for which an extension is sought.

In reviewing Mr. Chiozza's brief, we agree with Ms. Chiozza's contention that it does not comply with the foregoing rules. Starting with the "Table of Authorities," Mr. Chiozza's brief lists only one case (cited as "*Lee Brown vs. Kelly Sue Brown* (Tenn. 2006)"); however, from our review, this case is not actually cited in the brief. This is a violation of Tenn. R. App. P.27(a)(2). Tenn. R. App. P. 27(a)(5) directs that the brief shall contain a statement of the case, which is to "briefly [describe] the nature of the case, the course of proceedings, and its disposition in the court below." Moreover, Tenn. R. App. P. 27(a)(6) requires the statement of the case to contain appropriate references to the record. Rules 6(a) and 6(b) of the Court of Appeals require citations to the record indicating where evidence of each determinative fact relied upon may be found. Not only does Mr. Chiozza's "Statement of the Case" fail to fully describe the facts and proceedings, but it also fails to include citations to the record.

In reviewing the "Statement of the Facts," we find that it consists of one paragraph, which contains one citation to the appellate record. Even giving Mr. Chiozza every benefit, this "Statement of the Facts" does not set forth all facts relevant to the issues presented, nor does it contain the necessary citations to the record. Specifically, Mr. Chiozza has failed to include any facts regarding the costs of the children's private school tuition, or the parties' respective incomes. In fact, Mr. Chiozza does not even indicate the amount to which his monthly child support obligation was raised.

The "Argument" section of Mr. Chiozza's brief does nothing to correct the foregoing errors. While it does contain some citations to the record, it does not include references to volume and page. Moreover, in contravention of the requirements set out in Tenn. R. App. P. 27(a)(7) and Rules 6(a) and 6(b) of the Court of Appeals, the argument section contains no citations to legal authority in support of his allegations. Our Courts have "routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as described by Rule 27(a)(7) constitutes a waiver of the issue[s] [raised]." **Bean v. Bean**, 40 S.W.3d 52, 55

(Tenn. Ct. App. 2000). In **Bean**, we went on to hold that "an issue is waived where it is simply raised without any argument regarding its merits." **Id.** at 56; **see also Newcomb v. Kohler Co.**, 222 S.W.3d 368, 401 (Tenn. Ct. App. 2006) (holding that the failure of a party to cite to any authority or to construct an argument regarding his or her position on appeal constitutes waiver of that issue). As we stated in **Newcomb**, a "skeletal argument that is really nothing more than an assertion will not properly preserve a claim." **Newcomb**, 222 S.W.3d at 400. It is not the function of this Court to verify unsupported allegations in a party's brief or to research and construct the party's argument. **Bean**, 40 S.W.3d at 56.

Despite the fact that Mr. Chiozza's brief is woefully inadequate, there are times when this Court, in the discretion afforded it under Tenn. R. App. P. 2, may waive the briefing requirements to adjudicate the issues on their merits.[1] This is especially true in cases involving domestic relations where the interests of children are involved. However, in order for this Court to properly review the trial court's actions, the record must be in a proper posture to provide us a meaningful review. This Court's review is limited to the appellate record and it is incumbent upon the appellant to provide a record that is adequate. **Jennings v. Sewell-Allen Piggly Wiggly**, 173 S.W.3d 710 (Tenn. 2005). Here, Mr. Chiozza has failed to provide this Court with an accurate record. A brief discussion of the parties' filings with this Court is necessary to explain the shortcomings of the appellate record.

Mr. Chiozza's brief was filed on March 26, 2009. On April 9, 2009, Ms. Chiozza filed a motion to dismiss the appeal and for an extension of time to file her brief. Therein, Ms. Chiozza first asserted that Mr. Chiozza had waived the issues raised in his appeal because he allegedly failed to make appropriate references to the record in his brief, failed to set forth all relevant facts, failed to cite to any legal authority, and otherwise failed to comply with Tennessee Rule of Appellate Procedure 27 and Rule 6 of the Court of Appeals.

On May 11, 2009, this Court entered an Order, which states, in relevant part:

> [Ms. Chiozza's]...motion to dismiss...asserts that [Mr. Chiozza's] brief fails to comply with Tennessee Rules of Appellate Procedure 27(a) and Rule 6 of the Court of Appeals. Moreover, [Ms. Chiozza] requested an extension of time to file her brief, in the event the Court denied the motion. [Mr. Chiozza] filed a response in opposition to the...motion and finally, [Ms. Chiozza] filed her brief on April 29, 2009.

---

[1] Tenn. R. App. P. 2 provides, in relevant part, that:

> For good cause, including the interest of expediting decision upon any matter, the Supreme Court, Court of Appeals, or Court of Criminal Appeals may suspend the requirements or provisions of any of these rules in a particular case on motion of a party or on its motion and may order proceedings in accordance with its discretion.

Upon our review of the motions and responses filed, as well as the briefs filed by the respective parties, it appears that the appellate record may not be complete at this time. Specifically, [Ms. Chiozza] asserts in her brief that the transcripts of the trial proceedings are not complete and that necessary exhibits are missing.... [T]he Court believes that the interests of justice dictate that this matter be remanded to the trial court for supplementation and correction of the appellate record.

Consequently, upon the Court's own motion, this matter is remanded to the trial court and the appellant, Chris Chiozza, shall have fifteen (15) days from the entry of this Order to submit to the trial court any supplemental materials necessary to create a record which accurately discloses what occurred in the trial court. The appellee, Gena M. Chiozza, shall then have fifteen (15) days in which to file any objections to the record....

Upon filing of a certified, supplemental record...Chris Chiozza may file an amended brief within fifteen (15) days.... Gena Chiozza shall have twenty (20) days in which to file an amended brief....

On May 26, 2009, Mr. Chiozza filed, with the clerk of the trial court, a collection of documents titled "Exhibits to Supplemental Record of Appeal." Although Mr. Chiozza had marked each of the eight documents as an "exhibit," none of the documents had, in fact, been introduced as exhibits in any of the hearings before the trial court. Nonetheless, the clerk of the trial court certified the documents and transmitted them to the Clerk of the Court of Appeals, where they were filed on June 2, 2009 as "Vol. 5" of the appellate record. No other supplemental materials were filed.

On June 4, 2009, Ms. Chiozza filed, with the trial court, her objection to the materials that were submitted by Mr. Chiozza. Ms. Chiozza's objection was heard on June 12, 2009. On June 15, 2009, the trial court entered an Order sustaining Ms. Chiozza's objection to the supplemental materials filed by Mr. Chiozza, and redacted these materials from the appellate record, stating that "none of the supplemental materials submitted by Appellant and marked by him as 'Exhibits' were actually introduced as exhibits to any of the hearings in this matter, they are not properly part of the record on appeal...." The trial court also found that Mr. Chiozza had "failed to file any appropriate additional materials for inclusion in the appellate record, and he has therefore failed to comply with the May 11, 2009 Order of the Court of Appeals." Consequently, the trial court ordered that the "bound documents entitled 'Exhibits to Supplemental Record of Appeal' filed in this court on May 26, 2009, and in the Court of Appeals on June 2, 2009, and heretofore designated as 'Vol. 5' of the record, be redacted and stricken from the record in their entirety." Ms. Chiozza's objection, and the trial court's order sustaining the objections were transmitted to this Court, where they were filed on June 26, 2009, as a supplement to the appellate record.

As set out above, this Court's May 11, 2009 Order gave Mr. Chiozza fifteen days (or until July 13, 2009) to file an amended brief. However, as discussed in detail above, Mr. Chiozza failed to avail himself of this opportunity to present this Court with a brief that complies with the requirements set forth in Tenn. R. App. P. 27 and Rule 6 of the Court of Appeals. More importantly, however, Mr. Chiozza did not succeed in supplementing the appellate record with the necessary documents. Consequently, at present, the case is in the same posture it was when this Court entered its May 11, 2009 Order–i.e., we have an inadequate brief and an incomplete record.

Tenn. R. App. P. 24 provides, in pertinent part, as follows:

> **Content and Preparation of the Record**. —(a) Content of the Record. —The record on appeal shall consist of: (1) copies, certified by the clerk of the trial court, of all papers filed in the trial court except as hereafter provided; (2) the original of any exhibits filed in the trial court; (3) the transcript or statement of the evidence or proceedings, which shall clearly indicate and identify any exhibits offered in evidence and whether received or rejected; (4) any requests for instructions submitted to the trial judge for consideration, whether expressly acted upon or not; and (5) any other matter designated by a party and properly includable in the record as provided in subdivision (g) of this rule.
>
> *                    *                    *
>
> (b) Transcript of Stenographic or Other Substantially Verbatim Recording of Evidence or Proceedings. —If a stenographic report or other contemporaneously recorded, substantially verbatim recital of the evidence or proceedings is available, the appellant shall have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. Unless the entire transcript is to be included, the appellant shall, within 15 days after filing the notice of appeal, file with the clerk of the trial court and serve on the appellee a description of the parts of the transcript the appellant intends to include in the record, accompanied by a short and plain declaration of the issues the appellant intends to present on appeal. If the appellee deems a transcript of other parts of the proceedings to be necessary, the appellee shall, within 15 days after service of the description and declaration, file with the clerk of the trial court and serve on the appellant a designation of additional parts to be included....
>
> *                    *                    *

-10-

(c) Statement of the Evidence When No Report, Recital, or Transcript Is Available. —If no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available, the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. The statement, certified by the appellant or the appellant's counsel as an accurate account of the proceedings, shall be filed with the clerk of the trial court within 60 days after filing the notice of appeal. Upon filing the statement, the appellant shall simultaneously serve notice of the filing on the appellee, accompanied by a short and plain declaration of the issues the appellant intends to present on appeal. Proof of service shall be filed with the clerk of the trial court with the filing of the statement. If the appellee has objections to the statement as filed, the appellee shall file objections thereto with the clerk of the trial court within fifteen days after service of the declaration and notice of the filing of the statement. Any differences regarding the statement shall be settled as set forth in subdivision (e) of this rule.

Generally, this Court "is precluded from addressing an issue on appeal when the record fails to include relevant documents." ***State v. Zirkle***, 910 S.W.2d 874, 884 (Tenn. Ct. Crim. App. 1995). Without an adequate transcript or statement of the evidence, "this Court must presume that every fact admissible under the pleadings was found or should have been found in the appellee's favor." ***McDonald v. Onoh***, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989). The failure of the appellant to ensure that an adequate transcript or record on appeal is filed in the appellate court constitutes an effective waiver of the appellant's right to appeal. ***See, e.g., In re Estate of Tipps***, 907 S.W.2d 400, 402 (Tenn. 1995).

In the case at bar, we find the record to be deficient in the following respects:

1. There is no transcript or statement of the evidence adduced at the hearing before the Divorce Referee on August 28, 2007;

2. The exhibits introduced at the August 28, 2007 hearing before the Referee are not included.

3. There is no transcript or statement of the evidence adduced at the August 15, 2008 appeal of the Referee's ruling. The transcript provided includes only opening statements of Counsel [which is not considered evidence], and the trial court's ruling. However, all of the

testimony and evidence presented at that hearing is excluded from the record.

4. The exhibits introduced at the August 15, 2008 hearing are not in the record.

5. None of the exhibits that were introduced into evidence at the final hearing before the trial court on September 5, 2008 are included. According to Ms. Chiozza's brief, these exhibits include copies of Ms. Chiozza's checks evincing payment of the private school tuition, and the affidavit of Ms. Chiozza's attorney evincing the total amount of fees incurred by Ms. Chiozza.

Tenn. R. App. P. 24(b) provides, in relevant part, that, "[u]nless the entire transcript is to be included, the appellant shall, within 15 days after filing the notice of appeal, file with the clerk of the trial court and serve on the appellee a description of the parts of the transcript the appellant intends to include in the record, accompanied by a short and plain declaration of the issues the appellant intends to present on appeal." There is no evidence that Mr. Chiozza complied with this requirement.

From the totality of the circumstances, we conclude that Mr. Chiozza has failed to avail himself of the opportunity given by this Court in its May 11, 2009 Order to either amend his brief, or to supplement the record with the necessary documents. His failure to do so puts this Court in the position of being unable to conduct a thorough and proper review of the trial court's actions. Based upon his failure to comply with Tenn. R. App. P. 27, Rule 6 of the Court of Appeals, and Tenn. R. App. P. 24, we conclude that Mr. Chiozza has waived the issues raised, and the appeal should be dismissed.

In her brief, Ms. Chiozza contends that she should be awarded attorney's fees because Mr. Chiozza's appeal was frivolous. Tenn. Code Ann. § 27-1-122 provides:

When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

The decision to award damages for the filing of a frivolous appeal rests solely in the discretion of this Court. *Whalum v. Marshall*, 224 S.W.3d 169, 180-81 (Tenn. Ct. App.2006) (citing *Banks v. St. Francis Hosp.*, 697 S.W.2d 340, 343 (Tenn.1985)). "Successful litigants should not have to bear the expense and vexation of groundless appeals." *Id*. at 181 (quoting *Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn.1977)). An appeal is frivolous when it has "no reasonable

chance of success" or is "so utterly devoid of merit as to justify the imposition of a penalty." ***Id***. (citing ***Combustion Eng'g, Inc. v. Kennedy***, 562 S.W.2d 202, 205 (Tenn.1978); ***Jackson v. Aldridge***, 6 S.W.3d 501, 504 (Tenn. Ct. App.1999)). We exercise our discretion under this statute sparingly so as not to discourage legitimate appeals. ***Id***. In the instant case, given the state of the record and the state of Mr. Chiozza's appellate brief, we can only conclude that his appeal had "no reasonable chance of success." ***Whalum***, 224 S.W.3d at 180-81. Under these circumstances, we find that Mother is entitled to her reasonable fees and costs on appeal, and we remand the case to the trial court to determine the amount of the fee award.

For the foregoing reasons, we dismiss the appeal, and remand the case to the trial court to determine the amount of the attorney's fee award to Ms. Chiozza. Costs are assessed to the Appellant, Christopher Alexander Chiozza, and his surety.

 

 

_____
J. STEVEN STAFFORD, J.