IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 10, 2018 Session

## DL RUMMAGE v. KIMBERLY RUMMAGE

**Appeal from the Circuit Court for Davidson County**
**No. 15-D-965      Philip E. Smith, Judge**

_____

#### No. M2016-02356-COA-R3-CV

_____

This is a divorce case in which the trial court designated the mother as the primary residential parent, awarded her child support and a portion of her attorney's fees as alimony, and awarded her retroactive child support. The father appealed, arguing the trial court erred in numerous ways. We decline to address the father's arguments, however, and affirm the trial court's judgment because the father's brief does not comply with the requirements of Tennessee Rule of Appellate Procedure 27(a) or Court of Appeals Rule 6. We grant the mother's request for frivolous appeal damages pursuant to Tenn. Code Ann. § 27-1-122.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which THOMAS R. FRIERSON, II, and W. NEAL MCBRAYER, JJ., joined.

DL Rummage, Antioch, Tennessee, Pro Se.

Lewis A. Williams, Nashville, Tennessee, for the appellee, Kimberly Rummage.

## OPINION

### FACTUAL AND PROCEDURAL BACKGROUND

DL Rummage ("Father") and Kimberly Rummage ("Mother") were married for about eight years when they separated in 2015. They have one child who was born in November 2007. Father filed a complaint for divorce in May 2015, and Mother filed an answer and counter-complaint for divorce the following month.

A trial took place in September 2016, and the trial court entered a Final Decree of Divorce on October 10, 2016. The court granted Mother a divorce from Father and designated her as the primary residential parent. The court awarded Father 109 days with the child each year. The court awarded Mother child support in the amount of $178.16 every two weeks and $10,000 in attorney's fees in the form of alimony, payable at the rate of $400 per month. The court also awarded Mother retroactive child support in the amount of $1,140, payable at the rate of $100 per month.

Father appeals the trial court's judgment, claiming that the trial court erred in granting Mother a divorce, designating Mother as the primary residential parent, and in awarding Mother retroactive child support, prospective child support, and attorney's fees. Mother argues Father's appeal should be dismissed based on his failure to comply with Rule 27 of the Tennessee Rules of Appellate Procedure. Mother also contends Father's appeal is frivolous and requests damages pursuant to Tenn. Code Ann. § 27-1-122.

## ANALYSIS

Father was represented by an attorney at trial, but he represents himself on appeal. As a pro se appellant untrained in the law, Father is "entitled to fair and equal treatment by the courts." *Young v. Barrow*, 130 S.W.3d 59, 62 (Tenn. Ct. App. 2003) (citing *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997)). We grant pro se litigants "a certain amount of leeway" in the preparation of their appellate briefs. *See Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003) (citing *Whitaker*, 32 S.W.3d at 227; *Paehler*, 971 S.W.2d at 397). This means that courts "measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers." *Id.* at 903-04 (citing *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Baxter v. Rose*, 523 S.W.2d 930, 939 (Tenn. 1975); *Winchester v. Little*, 996 S.W.2d 818, 824 (Tenn. Ct. App. 1998)). However, "[p]ro se litigants are not excused from complying with the same substantive and procedural requirements that other represented parties must adhere to." *Whitaker*, 32 S.W.3d at 227; *see also Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009); *Hodges v. Attorney Gen.*, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000).

## Father's Appellate Brief

The Tennessee Rules of Appellate Procedure govern the procedure in all of Tennessee's appellate courts. TENN. R. APP. P. 1. Tennessee Rule of Appellate Procedure 27 addresses the contents of an appellant's brief:

> (a) The brief of the appellant *shall contain* under appropriate headings and in the order here indicated:

(1) A table of contents, with references to the pages in the brief;

(2) A table of authorities, including *cases* (alphabetically arranged), *statutes and other authorities cited*, with references to the pages in the brief where they are cited;

(3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;

(4) A statement of the issues presented for review;

(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review *with appropriate references to the record*;

(7) An argument, which may be preceded by a summary of argument, setting forth:

(A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with *citations to the authorities and appropriate references to the record* (which may be quoted verbatim) relied on; and

(B) for each issue, a concise *statement of the applicable standard of review* (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

(Emphasis added.)

Rule 6 of the Rules of the Court of Appeals of Tennessee addresses the argument section of an appellate brief and states, in relevant part:

(a) Written argument in regard to each issue on appeal shall contain:

(1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with *citation to the record where the erroneous or corrective action is recorded*.

(2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

(3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

(4) *A statement of each determinative fact relied upon with citation to the record* where evidence of each such fact may be found.

(b) *No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.*

(Emphasis added.)

As Mother points out in her brief, Father's appellate brief does not comply with the requirements of Rule 27 in several respects. In his Table of Authorities, Father lists portions of the appellate record and a page from his pre-trial brief. Father does not identify any cases or statutes in support of his argument. In the section titled "Statement of Jurisdiction," Father identifies the relief he is seeking: "The Plaintiff/Appellant, DL Rummage, requests that the decision made by the trial court for the Defendant/Appellee, Kimberly Rummage, (Mother) to be the Primary Residential Parent is changed to the Plaintiff/Appellant, DL Rummage, (Father) on the grounds of child neglect, verbal abuse, and best interests of the minor child."

In the section titled "Statement of the Issues Presented for Review," Father lists the reasons he believes Mother should not be the primary residential parent and cites as support several exhibits appended to his brief.[1] The exhibits Father relies on, however, were not introduced at trial, and some of the events he discusses occurred post-trial. In his "Statement of Facts," Father does not cite to the trial transcript or the appellate record even once. Instead, Father refers only to the exhibits he appended to his brief as support for his factual statements. Father's brief does not include a statement of the applicable standard of review as required by Rule 27(a)(7)(B).

---

[1]Father identifies in the "Conclusion" section of his brief the ways he believes the trial court erred, which we infer are the issues he seeks to raise on appeal.

In the "Argument" section of his brief, Father writes that he wants "to present to the court evidence in the form of photographs, written documents, and voice recordings of the Appellee's consistent negative behavior towards the Appellant while in the presence of the minor child." Father fails to cite any legal authority in support of his arguments, and he relies on facts that were not introduced at trial and that do not appear in the appellate record. Father's "Argument" section is not in compliance with either Rule 27(a)(7) of the Tennessee Rules of Appellate Procedure or Rule 6 of the Rules of the Court of Appeals of Tennessee.

Tennessee Rule of Appellate Procedure 13(c) addresses the facts that may be considered on appeal, and it provides:

> The Supreme Court, Court of Appeals, and Court of Criminal Appeals may consider those facts established by the evidence in the trial court and set forth in the record and any additional facts that may be judicially noticed or are considered pursuant to rule 14.[2]

Our courts have interpreted Rule 13(c) to mean that we are unable to consider facts that do not appear in the appellate record and were not before the trial court. *See Reinhart v. Geico Ins.*, No. M2009-01989-COA-R3-CV, 2010 WL 3852048, at * 5 (Tenn. Ct. App. Sept. 28, 2010) ("To the extent [the parties' briefs] allege facts which are not contained in the record, or which contradict the record, we may not even consider them."); *Lewis v. Williams*, No. W2015-00150-COA-R3-CV, 2015 WL 9946271, at *5 (Tenn. Ct. App. Aug. 6, 2015) ("'we may not act as a fact finding court or consider evidence not presented to the trial court, and . . . we may not consider assertions of fact not supported by the record'") (quoting *Reinhart*, 2010 WL 3852048, at *4 (emphasis omitted)). As we stated in *Chiozza v. Chiozza*, "This Court's review is limited to the appellate record and it is incumbent upon the appellant to provide a record that is adequate." *Chiozza*, 315 S.W.3d at 489 (citing *Jennings v. Sewell-Allen Piggly Wiggly*, 173 S.W.3d 710, 713 (Tenn. 2005)). Thus, we cannot consider the documents Father appended to his appellate brief that are not in the appellate record.

This Court has explained that "parties cannot expect this court to do its work for them" and that we are "under no duty to verify unsupported allegations in a party's brief . . . ." *Bean v. Bean*, 40 S.W.3d 52, 56 (Tenn. Ct. App. 2000).

> Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief

---

[2]The facts that may be judicially noticed pursuant to Rule 14 include those "capable of ready demonstration, affecting the positions of the parties or the subject matter of the action such as mootness, bankruptcy, divorce, death, other judgments or proceedings, relief from the judgment requested or granted in the trial court, and other similar matters." TENN. R. APP. P. 14(a). The evidence Father asks this Court to consider does not fall within the parameters of Rule 14.

as required by Rule 27(a)(7) constitutes a waiver of the issue. *See State v. Schaller*, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997); *Rampy v. ICI Acrylics, Inc.*, 898 S.W.2d 196, 210 (Tenn. Ct. App. 1994); *State v. Dickerson*, 885 S.W.2d 90, 93 (Tenn. Crim. App. 1993). Moreover, an issue is waived where it is simply raised without any argument regarding its merits. *See Blair v. Badenhope*, 940 S.W.2d 575, 576-577 (Tenn. Ct. App. 1996); *Bank of Crockett v. Cullipher*, 752 S.W.2d 84, 86 (Tenn. Ct. App. 1988).

*Id.* at 55-56.  As this Court wrote in *Murray v. Miracle*, 457 S.W.3d 399 (Tenn. Ct. App. 2014),

> We are not unmindful of Plaintiff['s] pro se status and have attempted to give [him] the benefit of the doubt whenever possible. Nevertheless, we cannot write Plaintiff['s] brief for [him], and we are not able to create arguments or issues where none otherwise are set forth. Likewise, we will not dig through the record in an attempt to discover arguments or issues that Plaintiff[] may have made had [he] been represented by counsel.

*Id.* at 402.

Because of Father's failure to comply with the requirements of Rule 27(a) of the Tennessee Rules of Appellate Procedure and Rule 6 of the Rules of the Court of Appeals of Tennessee, Father has waived the issues he raises on appeal, and we have no choice but to affirm the trial court's judgment in all respects.[3]  *See Lewis*, 2015 WL 9946271, at *3-6 (affirming trial court's judgment where appellant failed to comply with Tenn. R. App. P. 27); *Bean v. Bean*, 40 S.W.3d at 55 ("the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue"); *see also Chiozza*, 315 S.W.3d at 487-

---

[3]We also note that prior to the trial, Mother filed a proposed permanent parenting plan with the court designating her as the primary residential parent.  Father did not file a proposed permanent parenting plan despite the statement in his pre-trial brief that he would be "the better choice to be designated the Primary Residential Parent."  Tennessee Code Annotated section 36-6-404(c)(3) requires each party to file a proposed parenting plan with the court if the parties are unable to agree to the terms of a plan prior to trial:

> If the parties have not reached agreement on a permanent parenting plan on or before forty-five (45) days before the date set for trial, each party shall file and serve a proposed permanent parenting plan, even though the parties may continue to mediate or negotiate. Failure to comply by a party may result in the court's adoption of the plan filed by the opposing party if the court finds such plan to be in the best interests of the child.

Because Father failed to submit a proposed permanent parenting plan, Mother's plan was the only proposal before the trial court.

93 (dismissing appeal based on appellant's failure to comply with Tenn. R. App. P. 27(a)).

## Frivolous Appeal Statute

Mother seeks an award of her attorney's fees and costs incurred on appeal pursuant to the frivolous appeal statute, Tenn. Code Ann. § 27-1-122. This statute provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

An appellate court has discretion to award damages to the prevailing party under this statute if the appellate court determines that the appeal is frivolous. Tenn. Code Ann. § 27-1-122; *Eberbach v. Eberbach*, 535 S.W.3d 467, 475 (Tenn. 2017); *see also Chiozza*, 315 S.W.3d at 493. "'An appeal is deemed frivolous if it is devoid of merit or if it has no reasonable chance of success.'" *GSB Contractors, Inc. v. Hess*, 179 S.W.3d 535, 547 (Tenn. Ct. App. 2005) (quoting *Wakefield v. Longmire*, 54 S.W.3d 300, 304 (Tenn. Ct. App. 2001)). Appellate courts exercise their discretion to award fees under this statute "'sparingly so as not to discourage legitimate appeals.'" *Eberbach*, 535 S.W.3d at 475 (quoting *Whalum v. Marshall*, 224 S.W.3d 169, 181 (Tenn. Ct. App. 2006)); *see also Chiozza*, 315 S.W.3d at 493. "'Successful litigants should not have to bear the expense and vexation of groundless appeals.'" *Whalum*, 224 S.W.3d at 181 (quoting *Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977)).

This Court is hesitant to award damages for frivolous appeals. However, the extent of the deficiencies in Father's appellate brief coupled with Father's reliance on documents and facts that are not contained in the appellate record lead us to conclude that Father's appeal had no reasonable chance of success and that this is an appropriate case in which to award damages pursuant to Tenn. Code Ann. § 27-1-122. *See Lewis*, 2015 WL 9946271, at *6 (holding frivolous appeal damages were warranted, in part, because appellant failed to comply with Tenn. R. App. P. 27(a)); *Murray*, 457 S.W.3d at 404 (holding appeal was frivolous where appellant's brief was "so severely deficient" in its failure to comply with Tenn. R. App. R. 27(a)); *Chiozza*, 315 S.W.3d at 493 (holding appellee was entitled to reasonable costs and fees on appeal pursuant to frivolous appeal statute due to "the state of the record and the state of Mr. Chiozza's appellate brief"). Accordingly, we remand this case to the trial court to determine the reasonable amount of attorney's fees and costs to award Mother pursuant to the frivolous appeal statute, Tenn. Code Ann. § 27-1-122.

CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded to the trial court for a determination of the reasonable attorney's fees and costs Mother incurred on appeal, which shall be awarded against Father as set forth herein. Costs of this appeal shall be assessed against the appellant, DL Rummage, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE