IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 1, 2024 Session

## JULIE MICHELLE GARRETT (MIX) v. KEITH DOUGLAS GARRETT

**Appeal from the Circuit Court for Macon County**
**No. 2020-CV-56      Clara W. Byrd, Judge**

___

**No. M2023-01672-COA-R3-CV**

___

A husband appeals the trial court's final judgment of divorce with respect to two issues. Because the husband failed to comply with the applicable briefing rules, we have concluded that he waived his first issue. We find no support for the husband's second issue. Having determined that the husband's appeal is frivolous, we affirm the trial court's decision and remand to the trial court for the assessment of damages.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and JEFFREY USMAN, J., joined.

Patrick Lavaughn Looper, Lebanon, Tennessee, for the appellant, Keith Douglas Garrett.

Mary Melinda Pirtle, McMinnville, Tennessee, for the appellee, Julie Michelle Garrett (Mix).

## OPINION

### FACTUAL AND PROCEDURAL BACKGROUND

Julie Michelle Garrett Mix ("Wife") and Keith Douglas Garrett ("Husband") were married in July 2014. The parties had no children together, but Wife has three children from a previous marriage. The parties separated in June 2020, shortly after Wife learned that Husband had secretly videotaped Wife's teenage daughter while she was in the shower on multiple occasions. Wife filed a complaint for divorce on the grounds of inappropriate marital conduct and irreconcilable differences. Husband counterclaimed for a divorce on the same grounds.

In March 2021, Husband was charged with two counts of unlawful photographing in violation of privacy and two counts of observation without consent, class A misdemeanors.[1]

In May 2021, Wife filed a "Motion for Bifurcation of the Divorce Proceedings" requesting that the court declare her divorced prior to the division of the marital estate. After a hearing, the court entered an order on July 6, 2021, denying Wife's motion for bifurcation and addressing other matters resolved at the hearing. The court ordered the parties to complete all written discovery within thirty days of the order's entry unless the parties submitted an agreed order providing for a different deadline. In its order, the court also provided:

> [The] parties have a pending insurance lawsuit; however, this Court has no jurisdiction over that lawsuit which is being heard in Chancery Court, based on equity or contract, and such lawsuit shall be handled separate and apart from these proceedings, it shall not be cause for delay of these proceedings, and shall not be considered during the final hearing on these proceedings.

The pending lawsuit referenced by the court related to a fire at the marital residence in October 2016.

On April 1, 2022, the court entered an agreed order concerning several motions heard in January 2022. Pursuant to that order, Husband's appraiser was permitted access to the marital residence. Further, Wife's counsel was ordered to send "full and complete answers of Wife to discovery" to Husband's counsel by April 15, 2022.

In November 2022, Husband filed a motion to compel mediation and to set the case for trial. The court entered an agreed order on December 19, 2022, stating that "the parties would show that all discovery will be concluded prior to the trial date and that it will take all day for the trial of this matter." The court entered the agreed order setting the case for trial on July 31, 2023.

On December 27, 2022, Husband filed a motion to compel Wife's answers to discovery, alleging that Wife had not provided complete answers to his interrogatories and requests for production of documents. Thereafter, the parties had several hearings on discovery issues, and the court entered two agreed orders outlining Wife's responses to discovery and ordering her to provide outstanding information. In March 2023, a new attorney, Patrick Looper, was substituted as counsel for Husband.[2]

---

[1] In April 2021, Wife and the victimized daughter filed a civil action against Husband for intentional infliction of emotional distress, invasion of privacy, intrusion upon seclusion, and stalking.

[2] This was the second substitution of counsel for Husband, whose first attorney was replaced in March 2021.

In May 2023, Wife filed a motion to compel Husband to provide complete responses to her discovery requests. After a hearing, the court entered an order requiring Husband to answer certain questions within thirty days of the order's entry and providing that "any incriminating questions should be provided to [Wife's] counsel after the trial of the criminal action filed against [Husband]." Furthermore, the court continued the final hearing of the divorce until after the resolution of the criminal case against Husband.

On June 26, 2023, Husband filed a motion for sanctions for Wife's alleged failure to "comply with discovery as set out in the Agreed Order dated March 1, 2023." In his motion, Husband described the ways in which he considered Wife's responses to various discovery requests to be deficient or incomplete. Husband also filed a motion to compel Wife to fully answer his discovery requests. The court held a hearing on Husband's motion to compel discovery in February 2023 and, on June 26, 2023, the court entered an agreed order detailing supplemental responses to be provided by Wife and striking some of Husband's objections.

The court held a hearing on Husband's motion for sanctions on August 2, 2023. In its order entered on August 16, 2023, the court reiterated and confirmed its previous ruling, from its order of July 6, 2021, that the court had no jurisdiction over the lawsuit concerning the insurance proceeds from the fire at the marital residence and that the insurance lawsuit would proceed separately from the divorce proceedings. The trial court further found that the parties' attorneys did not disagree with the court's ruling in July 2021. The court scheduled the divorce case for a final hearing on August 29, 2023. The order did not include any ruling by the court on Husband's motion for sanctions against Wife.

In response to the court's August 15, 2023 order, Husband filed a "Motion to Alter or Amend Judgment" pursuant to Tenn. R. Civ. P. 59.[3] As part of this motion, Husband stated that his claims in the insurance lawsuit had been dismissed by default judgment on April 4, 2022. He took the position that his "interest in the marital residence still survives in the instant case by virtue of the pending divorce action." In his motion to alter or amend, Husband also asserted that the parties had not completed discovery and renewed his motion for sanctions. After the hearing on Husband's motion, the trial court denied Husband's motion for sanctions, declared discovery closed, and scheduled the final hearing for October 26, 2023.

The hearing was held as scheduled, and the court heard testimony from both parties. The court entered a final decree on November 22, 2023, granting Wife a divorce on the grounds of inappropriate marital conduct. As to the marital home, the court determined that the property had transmuted into marital property and had a value of $550,000. After deducting the estimated closing costs and realtor fees associated with selling the property

---

[3] As the trial court pointed out, Husband's motion to alter or amend was premature because there was no final judgment.

and the debt associated with the property, the net equity in the house was $286,064. The court awarded Wife two-thirds of the net equity in light of the fact that she owned the property prior to the marriage and constructed the garage and in light of the parties' contributions from their separate estates. Husband was awarded one-third of the net equity. The court went on to award Wife a portion of Husband's 401K and her attorney fees. With all of the applicable offsets, Wife was ordered to pay Husband $57,619.13 for his equity interest in the marital home.

Husband appealed the trial court's decision and presents two issues: (1) "whether the court erred in [relinquishing] jurisdiction of a marital asset to chancery court in separate cause of action," and (2) "whether the circuit court erred in closing discovery in [contradiction] to the agreed order of March 1, 2023, and pending motion for sanctions." Wife raises several additional issues: (1) whether Husband's appeal should be dismissed for failure to comply with Tenn. R. App. P. 27 and Tenn Ct. App. R. 6; (2) whether Husband's appeal should be dismissed because he failed to assert that the trial court's categorization of property and division of the parties' assets and debts was inequitable; (3) whether Husband's appeal should be dismissed for failure to file a Tenn. Ct. App. R. 7 table; and (4) whether Wife should be awarded her attorney fees on appeal pursuant to Tenn. Code Ann. § 27-1-122.

ANALYSIS

I.      Husband's first issue

Husband's first issue is "whether the court erred in [relinquishing] jurisdiction of a marital asset to chancery court in [a] separate cause of action."

We find it necessary to begin our analysis of this issue by considering Wife's argument that Husband's appellate brief fails to comply with the procedural rules regarding how to properly present issues on appeal. All appellants must comply with the briefing requirements in Rule 27 of the Tennessee Rules of Appellate Procedure and Rule 6 of the Court of Appeals of Tennessee. Our Supreme Court has recently addressed the importance of these rules:

> This Court previously has made clear that, to be properly raised on appeal, an issue must be presented in the manner prescribed by Rule 27 of the Tennessee Rules of Appellate Procedure. *Hodge v. Craig*, 382 S.W.3d 325, 334 (Tenn. 2012). As this Court explained in *Hodge*, "[r]ather than searching for hidden questions, appellate courts prefer to know immediately what questions they are supposed to answer" and, consequently, "[a]ppellate review is generally limited to the issues that have been presented for review." *Id.* This Court further explained in *Hodge* that an issue may be deemed waived when it is argued in the brief but is not designated as an issue in

accordance with Rule 27(a)(4). It also may be deemed waived when it has been expressly raised as an issue, but the brief fails to include an argument satisfying the requirements of Rule 27(a)(7). *Id.* at 335. . . . These requirements are not matters of mere formality. "Enforcing these requirements enables appellate courts to be 'more confident in the results of their deliberations' because 'they have heard the issues argued by attorneys [who] are duty-bound to fully develop their opposing positions.'" *State v. Bishop*, 431 S.W.3d 22, 43 (Tenn. 2014) (alteration in original) (quoting *State v. Northern*, 262 S.W.3d 741, 766 (Tenn. 2008) (Holder, J., concurring in part and dissenting in part)). In addition, enforcing these requirements helps preserve fairness and integrity in the court system. As Judge Stafford remarked in his dissent, "while the law remains flexible, it is important that our decisions be viewed as consistent and predictable, as this 'contributes to the actual and perceived integrity of the judicial process.'" *Edwards*, 2023 WL 2159244, at *10 (Stafford, J., dissenting) (quoting *Payne v. Tennessee*, 501 U.S. 808, 827-28, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991)). Declining to address questions not properly raised is a "way that we achieve fairness and ensure the perceived integrity of the courts." *Id.*

*City of Memphis v. Edwards by & Through Edwards*, --- S.W.3d ---, No. W2022-00087-SC-R11-CV, 2023 WL 4414598, at *2 (Tenn. July 5, 2023).

Tennessee Rule of Appellate Procedure 27(a) provides that the appellant's brief "shall contain under appropriate headings":

(1) A table of contents, with references to the pages in the brief;
(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
(3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;
(4) A statement of the issues presented for review;
(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
(7) An argument, which may be preceded by a summary of argument, setting forth:
    (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Rule 6 of the Rules of the Court of Appeals of Tennessee states:

(a) Written argument in regard to each issue on appeal shall contain:

(1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

(2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

(3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

(4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

(b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

In this case, the appellant's brief, written by Husband's attorney, fails to meet these requirements. Husband's brief does not contain a "statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record." TENN. R. APP. P. 27(a)(6). Rather, in the section entitled "Statement of the Facts," Husband's brief merely restates the two issues he has raised and provides no facts relevant to the issues. Further, in the argument section of his brief, Husband failed to set forth "the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on." TENN. R. APP. P. 27(7)(A). Here, Husband sets forth some facts concerning the insurance lawsuit and the "net proceeds" of that lawsuit, without citation to the record, and quotes the trial court's order of July 2, 2021. The brief then includes more than six pages of quotations from the transcript of the hearing held on August 1, 2023, in which the trial court and the attorneys discussed the case. Following the quoted materials, Husband asserts that, "The Trial Court erred early in this case in classifying the insurance proceeds from the Chancery case as being separate property and refusing to include these proceeds in the divorce cause of action." ("Sentence #1). After quoting legal authorities concerning the

classification of marital property, Husband ended his argument with the following statement: "The Trial Court cannot ignore the fact that the marital residence was destroyed during the marriage and proceeds from the insurance lawsuit stand as a marital asset of the marriage as it was acquired during the marriage prior to the filing of divorce and separation of the parties." ("Sentence #2). These two quoted sentences contain the only actual argument contained in over eight pages of Husband's brief related to the first issue.

After receiving Husband's brief, Wife filed a motion to dismiss the appeal on the grounds that Husband had failed to file a table as required under Tenn. Ct. App. R. 7[4] and had failed to comply with Tenn. R. App. P. 27 and Tenn. Ct. App. R. 6. In opposing Wife's motion, Husband asserted, in part, that a Rule 7 table was not required because "the issues submitted to this Honorable Court do not have to do with the classification of property or debt but have to do with the jurisdiction or lack thereof exercising jurisdiction over a marital asset." This Court denied Wife's motion without prejudice to raising the same arguments in her appellate brief, which she did.

So, what is Husband's argument here, and what relief is he requesting from this Court? Husband presented the first issue to be whether the trial court "erred in rel[i]nquishing jurisdiction of a marital asset to chancery court in a separate action." The statement suggests that Husband's argument relates to the trial court's alleged failure to exercise jurisdiction. In Sentence #1, however, Husband asserts that the trial court erred in "classifying the insurance proceeds" in the chancery court case as separate property. Sentence #2 makes the ambiguous and conclusory statement that the trial court "cannot ignore" the fact that the marital residence was destroyed during the marriage and that the insurance proceeds "stand as a marital asset." Thus, in apparent contradiction to Sentence #1, Husband's first issue does not relate to the classification of the parties' property. Sentence #2, however, assumes that the insurance proceeds were marital property. Neither Sentence #1 nor Sentence #2 provides any guidance or analysis as to the nature of the trial court's alleged error or any authority to support that argument. Further, Husband's brief lacks "[a] statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded."[5] TENN. CT. APP. R. 6(a)(3).

---

[4] Rule 7 of the Rules of the Court of Appeals requires that, "in any domestic relations appeal in which either party takes issue with the classification of property or debt or with the manner in which the trial court divided or allocated the marital property or debt," the party's appellate brief must contain a table listing "all property and debts considered by the trial court" in a format described in the rule.

[5] In fact, as Wife points out, there is nothing in the record showing that Husband objected to or sought relief from the trial court's decision, memorialized in its order of July 6, 2021, at or near the time when the decision was made by the court. In addition, Husband failed to file an answer in the insurance litigation in chancery court, resulting in a default judgment being entered against him in March 2022. It was not until after Mr. Looper entered an appearance as Husband's attorney, in March 2023, that Husband attempted to revisit the issue of the trial court's ruling on the insurance litigation nearly two years earlier.

Husband has failed to make a cogent argument, leaving it to this Court to guess at his intended argument or to construct one for him. This is not the role of an appellate court. *See Sneed v. Bd. of Prof'l Resp.*, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived."). We must conclude that Husband waived his first issue.

II.     Husband's second issue

In his second issue, Husband asserts that the trial court erred in closing discovery. Once again, Husband's argument section consists mainly of a lengthy quotation from the hearing and quotations of legal authorities. However, as Husband has provided a minimal argument, we will consider the issue.

Husband argues that, "The Trial Court abused its discretion in failing to strike [Wife's] pleadings and dismissing the action for being disobedient to the Agreed Order of March 1, 2023." In support of this position, Husband makes the following statements, without any citation to the record:

> [Wife] successfully avoided requests of written discovery by withholding documentation of payments or contributions claimed by her during the marriage which the Trial Court based her division of marital property. [Wife] miraculously avoided even being deposed during the course of the proceedings, which would have provided glaring discrepancies between oral testimony and the minimal, incomplete and filtered documentation that was provided.

To correct this alleged error, Husband requests the opportunity to conduct additional discovery.

As Husband correctly states, a trial court's decision to grant or deny a discovery request is reviewed under the abuse of discretion standard. *Powell v. Cmty. Health Sys., Inc.*, 312 S.W.3d 496, 503-04 (Tenn. 2010); *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010). As our Supreme Court has stated, "'A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence.'" *Harmon v. Hickman Cmty. Healthcare Servs., Inc.*, 594 S.W.3d 297, 305 (Tenn. 2020) (quoting *Lee Med.*, 312 S.W.3d at 524 (citations omitted)).

Husband has identified no abuse of discretion in this case. The March 1, 2023 order referenced by Husband is a detailed agreed order setting forth information to be provided

by Wife to Husband. Thereafter, the parties continued to have discovery disputes. In June 2023, Husband filed a motion for sanctions asserting that Wife had failed to provide complete responses to his discovery requests. On August 29, 2023, the trial court held a hearing on Husband's improperly titled motion ("Motion to Alter or Amend Judgment") in which he asserted, in part, that Wife had failed to provide adequate responses to his discovery requests.

At the August 29, 2023 hearing, the court heard arguments on several issues,[6] including Husband's insistence that he had not received complete discovery responses. The court went over the history and length of the divorce litigation, the criminal charges against Husband, the resulting delays in the divorce litigation, the default judgment entered against Husband in the insurance case, the short duration of the marriage, and the limited assets and debts to be divided. The court then heard testimony from both parties and found Husband to be an "evasive" witness. Wife and her counsel stated that they had previously given Husband all of the discovery he claimed to need.[7] In its order, entered on September 19, 2023, the trial court "declared discovery closed," denied Husband's motion for sanctions, and scheduled the matter for final hearing. Husband has failed to establish any way in which the trial court's decision to close discovery constitutes an abuse of discretion.

III. Frivolous appeal

Wife argues that she should be awarded her attorney fees on appeal. Tennessee Code Annotated section 27-1-122 provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

An appellate court's decision "whether to award damages for a frivolous appeal rests solely in our discretion." *Kramer v. Kramer*, No. E2018-00736-COA-R3-CV, 2019 WL 1239867, at *5 (Tenn. Ct. App. Mar. 18, 2019) (citing *Chiozza v. Chiozza*, 315 S.W.3d 482, 493 (Tenn. Ct. App. 2009)). An appeal is frivolous when it is "'devoid of merit,' or [is] one in which there is little prospect that it can ever succeed." *Indus. Dev. Bd. of City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995) (citations omitted).

---

[6] One issue was the results of an appraisal of the marital home performed at Husband's request. Husband's counsel stated that, "I don't know that we've seen it," and Wife's counsel informed the court that the appraisal had been performed and that [Husband] had received it. At the final hearing, Wife provided the court with a copy of the appraisal to be included in the record.

[7] The court noted that it was Husband's burden to prove his contributions to the marital home and that he should have provided the records to document those contributions.

Based on our findings regarding Husband's appellate brief and the lack of any basis for his second issue regarding the trial court's discretionary discovery ruling, we conclude that this appeal has no merit and no reasonable chance of succeeding. Using our discretion under the statute, we hereby award Wife her attorney fees incurred in defense of this appeal. We remand the issue to the trial court for a determination of the amount of attorney fees to be awarded.

CONCLUSION

The judgment of the trial court is affirmed, and the matter is remanded to the trial court for an assessment of damages in accordance with Tenn. Code Ann. § 27-1-122. Costs of this appeal are assessed against the appellant, Keith Douglas Garrett, for which execution may issue if necessary.

/s/ Andy D. Bennett
ANDY D. BENNETT, JUDGE