FILED
12/18/2019
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 1, 2019

## TODD GOLDMAN v. NICOLE GRIFFIN

**Appeal from the Circuit Court for Davidson County**
**Nos. 18X812      Philip E. Smith, Judge**

_____

### No. M2019-00138-COA-R3-CV

_____

### AND

## TODD GOLDMAN v. PETER GRIFFIN

**Appeal from the Circuit Court for Davidson County**
**Nos. 18X842      Philip E. Smith, Judge**

_____

### No. M2019-00139-COA-R3-CV

_____

This is a consolidated appeal concerning the trial court's dismissal of two orders of protection in this domestic relations action. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which RICHARD H. DINKINS and ARNOLD B. GOLDIN, JJ., joined.

Todd Goldman, Nashville, Tennessee, pro se.

Janelle A. Simmons, Nashville, Tennessee, for the appellees, Nicole and Peter Griffin.

**OPINION**

## I.  BACKGROUND

Todd Goldman ("Petitioner") filed the petitions for orders of protection at issue against his ex-wife, Nicole Griffin ("Mother"), and her new husband, Peter Griffin ("Stepfather") (collectively "Respondents"), in September 2018, following Mother's relocation to Tennessee with Petitioner's minor child.  In support of his petitions, Petitioner alleged that on September 7, 2018, Respondents "showed up at [his] property unannounced" and were "p[ee]king through the windows snapping pictures of the house" while he was exercising his co-parenting time with the minor child.  He alleged that he confronted Stepfather and told him to leave but that he later saw Respondents circling his property when he and the minor child left the home to take a walk.  He further claimed that Respondents also circled his property on August 5, 2018.  He asserted that he was "afraid of their intentions" and wanted them to stay away from him and his residence.  He explained that Stepfather has access to weapons and had threatened to shoot in the past.

The First Circuit Court issued orders of protection following a hearing. Respondents appealed the orders entered against them individually in the Fourth Circuit Court.  The cases were consolidated for the court's consideration.  The case proceeded to a hearing, at which the trial court limited Petitioner's examination of his witnesses to the event giving rise to his filing of the petitions.

Petitioner confirmed the account of the event contained in his petition and also provided some testimony concerning the contentious nature of the relationship between the parties involved.  In turn, Stepfather explained that he and Mother visited the residence because they were concerned for the minor child.  Stepfather alleged that Petitioner routinely exercised his co-parenting time in a hotel following Mother's relocation to Tennessee but that Petitioner exercised his co-parenting time at a new residence on the day at issue.  Stepfather claimed that he became concerned when he was unable to confirm the address provided and that they only intended to confirm Petitioner's whereabouts with the minor child.  He explained that Petitioner had previously taken the minor child to Ohio without permission and in violation of a court order.  The court credited Stepfather's explanation and dismissed the orders of protection, finding that Petitioner failed to carry his burden of proof by a preponderance of the evidence that the incidents alleged occurred as sworn.  This timely consolidated appeal followed.

## II.    ISSUES

We consolidate and restate the issues on appeal as follows:

A.    Whether this appeal should be dismissed for failure to comply with the Tennessee Rules of Appellate Procedure.

B.    Whether the court erred in dismissing the orders of protection and limiting the testimony offered in support thereof to an explanation of the event listed in the petitions.

C.    Whether Respondents are entitled to attorney fees on appeal.

## III.    STANDARD OF REVIEW

We review a trial court's findings of fact de novo with a presumption of correctness unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). We afford great deference to a court's credibility determinations because the court is in the best position to observe witnesses and evaluate their demeanor. *Hughes v. Metro. Govt. of Nashville and Davidson Cnty.*, 340 S.W.3d 352, 360 (Tenn. 2011). We review questions of law de novo with no presumption of correctness. *Whaley v. Perkins*, 197 S.W.3d 665, 670 (Tenn. 2006).

## IV.    DISCUSSION

### A. & B.

Respondents claim that dismissal of the appeal is appropriate for failure to comply with the appellate rules. We agree that there are a multitude of problems with the brief and that Petitioner failed to comply with the requirements contained in Rule 27(a) of the Tennessee Rules of Appellate Procedure. However, we will briefly address the court's limiting of testimony at the hearing and the ultimate dismissal of the orders of protection given Petitioner's status as a pro se litigant. *See Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003) ("The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs.").

A petitioner seeking an order of protection must establish domestic abuse by a preponderance of the evidence. Tenn. Code Ann. § 36-3-605(b). Domestic abuse, as

pertinent here, is defined as "inflicting, or attempting to inflict, physical injury on an adult or minor by other than accidental means, placing an adult or minor in fear of physical harm, physical restraint, [or] malicious damage to the personal property of the abused party." Tenn. Code Ann. § 36-3-601(1). "The trial court's decision to admit or exclude evidence will be overturned on appeal only where there is an abuse of discretion." *Mercer v. Vanderbilt Univ., Inc.*, 134 S.W.3d 121, 131 (Tenn. 2004). A trial court exceeds its discretion when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999) (citation omitted).

Our review of the record leads us to conclude that the court did not exceed its discretion in limiting the testimony presented in support of the petitions. The testimony provided certainly established the contentious nature of the relationship between the parties. Additional testimony was not needed to determine whether the continued viability of the protective orders was warranted. Giving proper deference to the trial court's assessment of the witnesses' credibility, we also cannot conclude that the evidence preponderates against the trial court's dismissal of the protective orders.

C.

Respondents request attorney fees on appeal pursuant to Tennessee Code Annotated section 27-1-122, which provides as follows:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

The decision whether to award damages for a frivolous appeal rests solely in our discretion. *Chiozza v. Chiozza*, 315 S.W.3d 482, 493 (Tenn. Ct. App. 2009). "A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that it can ever succeed." *Indus. Dev. Bd. v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995). Exercising our discretion in such matters, we decline the request for attorney fees on appeal.

## V. CONCLUSION

We affirm the decision of the trial court and remand for such further proceedings as may be necessary. Costs of this appeal are taxed to the appellant, Todd Goldman.

_____
JOHN W. McCLARTY, JUDGE