IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 1, 2020

## IN RE ESTATE OF JESSIE J. LAKE

**Appeal from the Chancery Court for Hardeman County**
**No. P-2134    Martha B. Brasfield, Chancellor**

_____

### No. W2019-01818-COA-R3-CV

_____

The administrator of Appellee estate filed a declaratory judgment action against Geneva Cosey, seeking to quiet title to real property owned by decedent. Geneva Cosey died during the trial court proceedings, and the administrator filed a suggestion of death. However, neither party filed a substitution of party. As such, the trial court granted a default judgment in favor of the estate (and the administrator as the sole heir) on the declaratory judgment action. Tenn. R. Civ. P. 25.01. Thereafter, Geneva Cosey's daughter, Eloise Cosey,[1] filed an appeal to this Court. The notice of appeal was brought in the name of Geneva Cosey, deceased, and Eloise Cosey, as Geneva Cosey's next of kin. The notice was signed and submitted by attorney Matthew Edwards. Because neither Eloise Cosey nor Mr. Edwards satisfy the standing requirement under Tennessee Rule of Appellate Procedure 19(a), the notice of appeal is ineffective and the appeal is dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

KENNY ARMSTRONG, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and ANDY D. BENNETT, J., joined.

Matthew C. Edwards, Bolivar, Tennessee, for the appellant, Eloise Cosey.

M. Matthew Thornton and Jennifer L. Sneed, Memphis, Tennessee, for the appellee, Estate of Jessie J. Lake.

---

[1] Ms. Cosey's name is spelled both "Eloise" and "Eloyse" in the record. For purposes of consistency, we will use the spelling, "Eloise," with apologies if this is not correct.

## OPINION

On September 2, 2017, Jessie J. Lake ("Decedent") died intestate in Bolivar, Tennessee.[2] On March 1, 2018, the Chancery Court of Hardeman County ("trial court") opened the Estate of Jessie J. Lake ("Estate," or "Appellee") and named Shelia Morgan, Decedent's daughter and sole heir, as the administrator.[3] As is relevant to this appeal, part of the Estate consisted of real property located at 135 Dunn Lane, Hickory Valley, Tennessee (the "Property"). Notice to creditors and potential heirs was published on or about March 8, 2018. There was no response to the notice concerning potential heirs, and Ms. Morgan filed a motion for default judgment against any potential heirs of the Estate on May 21, 2018. By order of June 6, 2018, the trial court granted default judgment against any known and unknown potential heirs of the Estate and named Ms. Morgan as Decedent's sole heir.

On August 15, 2018, Ms. Morgan filed a complaint for declaratory judgment seeking to resolve ownership of the Property. In her motion, Ms. Morgan averred, in relevant part:

> 4. The Defendant is the following person who, on information and belief, is a necessary party to this action:
>
> Geneva Lake Cosey
> 135 Dunn Ln
> Hickory Valley, TN 38042-6452
>
> ***
>
> 6. At the time of his death, the decedent owned a safe deposit box at a local bank.
> 7. No other person could access the safe deposit box because the decedent had established himself as its sole owner and had not granted anyone else the legal right to access the box.
>
> ***
>
> 9. Sheila Morgan's search of the decedent's bank safe deposit box discovered a writing titled "Deed to Create Tenancy In Common" executed on July 20, 2001, over sixteen (16) years before the decedent's death,

---

[2] Decedent's name is spelled both "Jesse" and "Jessie" in the record. For purposes of consistency, we will use "Jessie," with apologies if this spelling is incorrect.

[3] In 2017, Decedent executed a power of attorney naming Ms. Morgan as his attorney-in-fact. The power of attorney was prepared by Attorney Matthew Edwards.

which the decedent had never relinquished control of.

10. The document purports to be a potential gift to the Defendant, the decedent's sister, of partial ownership in the decedent's real property located at 135 Dunn Lane, Hickory Valley (Hardeman County) Tennessee.

Ms. Morgan attached the "Deed to Create Tenancy in Common" as an exhibit to her complaint and argued that the deed did not convey the Property to Geneva Cosey. Specifically, Ms. Morgan maintained that: (1) the subject deed was never recorded (and that the title to the Property remained in Decedent's name at the time of his death); (2) Decedent retained sole control of the subject deed and never tendered it to Geneva Cosey; (3) Geneva Cosey never exercised control over the Property and never paid taxes or upkeep; (4) Decedent received no consideration from Geneva Cosey. As such, Ms. Morgan asked the trial court to declare the deed a nullity and to vest title in her as the sole heir of the Estate.

On October 5, 2018, Geneva Cosey, who was represented by attorney Nathan Pride, filed an answer to the complaint for declaratory judgment. Geneva Cosey averred that Decedent intended to transfer the Property to her as set out in the subject deed. She further averred that she "had partnered with [D]ecedent in this property. That she owned and provided the trailer home that is upon the same. That she paid taxes, maintained the same and did all other acts that would assert to this Court that she is the owner of this property . . . ." On October 22, 2018, Geneva Cosey filed her affidavit with the trial court, wherein she stated, in relevant part:

2. That I am 91 years of age. . . .
3. That I am of sound mind and memory.

\*\*\*

5. That Jessie L. Lake was my brother. That we lived together for several years. That I assisted him in the maintenance of the property located at 135 Dunn Lane Hickory Valley, Tennessee. That it was our intent to live there together.
6. That My brother Jessie L. Lake and I both contributed toward the maintenance of the house. That in order for me to stay there, it was necessary for me to make an addition to the property. That I made that addition by having the house enlarged. That I paid for this enlargement and modification solely by myself. That as a result of this, it was the intent of my brother and I that the property be given to me if I was the longest living and I have been the longest liver [sic].
7. That I recall my brother having a Quit Claim Deed made to convey the property to me. At the time we did not think it was necessary to do anything other than have it conveyed so that if something were to happen to him, the

property would go to me. It was the intent of Jessie L. Lake and Geneva Lake Cosey that the property at 135 Dunn Lane . . . be deeded to me.

8. That there was never an intent to revoke this conveyance. That it was not a gift, but done in exchange for the substantial work that I did upon the property at 135 Dunn Lane Hickory Valley, Tennessee.

9. That I believe that I am lawfully entitled to the property as a result of the Quit Claim Deed that my brother had prepared and that I was a part of. That I ask this Court to allow the Quit Claim Deed to be recorded indicating this conveyance and transfer.

On Geneva Cosey's motion, the trial court granted a continuance for purposes of conducting discovery.

On January 14, 2019, Ms. Morgan filed a Tennessee Rule of Civil Procedure 25 Suggestion of Death indicating that Geneva Cosey had died on December 21, 2018. The certificate of service indicates that the Suggestion of Death was served on Geneva Cosey's attorney, Mr. Pride. No motion for substitution of party was filed.

On June 3, 2019, Ms. Morgan filed a motion for default judgment on the complaint for declaratory judgment. As grounds, Ms. Morgan averred that:

4. Movant filed a Suggestion of Death notifying the Court of Respondent's death on January 14, 2019.

5. Pursuant to TENN. R. CIV. P. 25.01, Respondent's counsel then had ninety (90) days from the filing date of the Suggestion of Death — April 15, 2019 — to file a motion to substitute a party for Respondent before the Complaint would be dismissed as to Respondent.

6. As of May 30, 2019, over 130 days after the January 14, 2019 filing of Movant's Suggestion of Death, Respondent's counsel still has not filed a motion for substitution of a party for Respondent as required by Tennessee law.

7. Further, Respondent's counsel has neither filed nor otherwise asserted to this Court or to Movant any grounds which demonstrate excusable neglect justifying Respondent's failure to comply with the mandatory deadline.

8. Failure to timely file a motion for substitution of a party following the filing of a suggestion of death dismisses the action as to the deceased party and said action cannot be revived by any other means. TENN. R. CIV. P. 25.01; *Dobbins v. Green*, 2013 WL 1149574 (Tenn. Ct. App. Mar. 20, 2013).

9. Thus, pursuant to Tennessee law, this action is dismissed and abated, with prejudice, as to the Respondent.

A hearing was held in June 2019, and two of Ms. Cosey's children, Charles and

Donald McKinnie, appeared with their attorney, Mr. Steve Hale. Mr. Hale requested a continuance to be able to file a response to the motion for default judgment. The trial court granted a continuance until August 16, 2019. On or about July 9, 2019, Mr. Hale attempted to open an estate for Geneva Cosey; however, it appears from the record that no estate was opened.

On July 31, 2019, Geneva Cosey's daughter, Eloise Cosey, filed a motion in opposition to Ms. Morgan's motion for default judgment on the complaint for declaratory judgment, wherein she argued:

> 8. Administrator Morgan contends that this action was required within 90 days by Tenn. R. Civ. Pro 25.01 and relies upon the decision in *Dobbins v. Green* . . . .
> 9. Opponent shows that Rule 25.01 permits ANY party to move for substitution of a deceased party and submits that the obligation to substitute for a deceased defendant is on the Plaintiff who knows that the ownership interest she fears devolves upon the heirs of Geneva Cosey. *See Michael Sowell v. Estate of James W. Davis*. . . .
>
> ***
>
> 11. Opponent further shows that a motion to dismiss under 25.01 is legally different from a motion for default judgment against a deceased defendant.
> 12. In the alternative, and further opposing, Opponent shows that should the court be inclined to hold that 25.01 applies to this cause . . . the failure of Opponent to substitute a party was due to excusable neglect due to the cessation of the attorney formerly representing Opponent's interest who was apparently unable to continue but failed to give timely notice to Opponents.
> 13. For the underlying matter to proceed, it is incumbent on the Plaintiff to move the court to open an estate for Geneva Cosey . . . .

On August 15, 2019, Ms. Morgan moved to dismiss the motion filed in opposition to the motion for default judgment, wherein she argued, *inter alia*, that "Elo[is]e Cosey . . . lacks standing to request or receive relief from this Court, as she is neither a party to this action, nor has she been substituted as Respondent's legal representative."

The trial court held a hearing on August 21, 2019. By order of September 16, 2019, the trial court held, in relevant part:

> 2. That on January 14. 2019, Movant filed a suggestion of death informing the Court of the Defendant's death pursuant to Tenn. R. Civ. P. 25.01.
> 3. A copy of the Motion was served upon counsel for Respondent, Nathan

- 5 -

Pride.

4. That over 219 days have passed since Movant filed her suggestion of death.

5. That no party filed with the Court a motion of substitution of a party to represent Respondent within 90 days of the filing of the suggestion of death as required by Tenn. R. Civ. P. 25.01.

6. That no party has provided to this Court or to Movant any grounds demonstrating excusable neglect for failure to timely file a motion of substitution.

7. That as such, pursuant to Tenn. R. Civ. P. 25.01, the right of the Respondent, Geneva Cosey, to pursue any remedy at law in this action has forever abated.

8. That Elo[is]e Cosey filed her Opposition to Motion for Default Judgment on July 31. 2019, but has not been appointed as a successor for Geneva Cosey in this action or otherwise been joined as a party to this action

9. That the Movant, Sheila Morgan, filed her Motion to Dismiss Elo[is]e Cosey's opposition due to Elo[is]e Cosey's lack of standing, among other reasons.

10. The Court heard and duly considered the arguments of counsel and finds that the heirs or potential heirs of Geneva Cosey had an affirmative duty to substitute a party of interest within 90 days of the Administratrix' suggestion of death being filed with the court.

11. If there was an excusable delay in filing a substitution of parties, the responsibility for establishing same fell on Counsel of record for Geneva Casey, Nathan Pride.

12. That the Court should therefore grant Movant's Motion to Dismiss.

13. That the Court should furthermore enter the prayed for default judgment against the Respondent, Geneva Cosey, and declare Movant, Sheila Morgan, to be the sole lawful owner of the real property located at 135 Dunn Lane, Hickory Valley, Tennessee 38042.

On October 8, 2019, a notice of appeal was filed. The notice of appeal states, in relevant part:

Notice is hereby given the Respondent, Geneva Cosey, deceased, named above, hereby appeals to the Court of Appeals from the final judgment entered in this action on the 16th day of September, 2019.

In the heading of the notice of appeal, the "Respondent" is listed as:

GENEVA COSEY, DECEASED and
ELOISE COSEY as next of kin
for Respondent

- 6 -

The notice of appeal is signed by attorney Matthew Edwards.  One day after the notice of appeal was filed, on October 9, 2019, Mr. Edwards entered a document titled "Entry of Appearance," which states, "Comes now, Matthew C. Edwards and enters his appearance as attorney of record on behalf of the Respondents, Geneva Cosey (Deceased) and her daughter, Elo[is]e Cosey in this cause."

On January 16, 2020, Ms. Morgan filed a motion to dismiss the appeal, wherein she argued, *inter alia*, that the "appeal should . . . be dismissed for the lack of standing of the individuals bringing this appeal. Appellant is identified as Geneva Cosey. However, Cosey died . . . on December 21, 2018, ten (10) months before the Notice of Appeal was filed."  By order of January 30, 2020, this Court denied the motion to dismiss the appeal, stating, in relevant part:

> As for the . . . claim of lack of standing, the record in this appeal has not yet been filed and therefore this Court is unable to properly review at this time the entirety of the standing issue raised in the unverified motion to dismiss. The issue of whether the party or parties who brought the appeal have standing, or whether a substitution of parties is needed, would best be addressed as an issue on appeal after the record has been filed and briefing is completed.

Having now reviewed the entire record in this case, we conclude that the notice of appeal is ineffective to confer jurisdiction over the appeal to this Court.  Specifically, Tennessee Rule of Appellate Procedure 19(a) provides that

> [i]f a party entitled to appeal shall die before filing notice of appeal, notice of appeal shall be filed and served by the deceased party's personal representative or, if there is no such personal representative, by the deceased party's counsel of record within the time prescribed in these rules.

It is undisputed that Geneva Cosey died on December 21, 2018, more than nine months before the notice of appeal was filed on October 8, 2019.  As set out above, the notice of appeal was styled "Geneva Cosey, Deceased and Eloise Cosey as next of kin." The notice of appeal was signed by Mr. Edwards.  There is no indication that Eloise Cosey was her mother's personal representative at the time of the filing of the notice of appeal.  Furthermore, at the time of Geneva Cosey's death, her attorney of record was Nathan Pride.  There is no indication that Mr. Edwards represented Geneva Cosey at any point in this case.  Moreover, Mr. Edwards did not file a notice of appearance until one day after the notice of appeal was filed.

In ***Dry v. Steele***, No. E2013-00291-COA-R3-CV, 2014 WL 295777 at *1 (Tenn. Ct. App. Jan. 28, 2014), this Court addressed a similar situation.  In ***Dry***,

[t]he plaintiff, a licensed attorney, filed this pro se third party action two weeks before his death on May 17, 2012. The defendants filed a suggestion of death under Tenn. R. Civ. P. 25.01. When no motion for substitution was filed during the prescribed time period, the defendants filed a motion to dismiss. At the hearing on the motion, the decedent's surviving spouse, who had practiced law with him, appeared by telephone and informed the trial court that she was not a party and was not representing the decedent or his estate with respect to the plaintiff's third party complaint. Despite these representations, she asserted that the court should hear her argument as to why her late husband's action should not be dismissed. The trial court dismissed the action for failure to timely seek substitution of party, and also granted defendants' motion for judgment on the pleadings. The surviving spouse filed a notice of appeal.

This Court dismissed the appeal concluding that

[a]t the time of the trial court's entry of final judgment, Ms. Dry did not have authority or standing to file a notice of appeal. As already discussed, she was not a party to the action, nor did she represent Dr. Dry. Because the estate had not been opened, there was no estate to be represented and Ms. Dry clearly told the court that she did not represent his estate. We are of the opinion that Ms. Dry's entry of a notice of appearance as counsel for Dr. Dry, filed with the trial court on January 14, 2013, was ineffective and did not provide her authority to file a notice of appeal on his behalf. It is obvious that a lawyer cannot unilaterally create an attorney-client relationship with a deceased person. Furthermore, Tenn. Code Ann. § 30-1-101 provides that "[n]o person shall presume to enter upon the administration of any deceased person's estate until the person has obtained letters of administration or letters testamentary." This had not been done at the time of the final judgment.

2014 WL 295777 at *6. The same is true here. There is no evidence that an estate was opened for Geneva Cosey much less that her daughter, Eloise Cosey, obtained letters of administration or letters testamentary so as to represent her mother in a lawsuit to which Eloise Cosey was not a party. Tenn. Code Ann. §30-1-101. Furthermore, there is no evidence that Mr. Edwards ever represented Geneva Cosey in these proceedings. As noted in **Dry**, "[i]t is obvious that a lawyer cannot unilaterally create an attorney-client relationship with a deceased person." *Id.* As such, Mr. Edward's "entry of appearance," was not only untimely (as it was filed **after** the notice of appeal was filed), it was also ineffective as a matter of law to establish any attorney-client relationship with Geneva Cosey. Because the notice of appeal fails to meet the mandatory requirements set out in Tennessee Rule of Appellate Procedure 19(a), we dismiss the appeal.

In the posture of Appellee, the Estate asks this Court to award attorney's fees and costs for frivolous appeal under Tennessee Code Annotated section 27-1-122, which provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

The decision whether to award damages for a frivolous appeal rests solely in this Court's discretion. *Chiozza v. Chiozza*, 315 S.W.3d 482, 493 (Tenn. Ct. App. 2009). "A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that it can ever succeed." *Indus. Dev. Bd. v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995). We conclude that this appeal is not so devoid of merit as to characterize it as frivolous. Accordingly, we exercise our discretion to decline damages for frivolous appeal.

For the foregoing reasons, the appeal is dismissed. Appellee's motion for attorney's fees and costs is denied, and the case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the putative appellant, Eloise Cosey, for all of which execution may issue if necessary.

       s/ Kenny Armstrong
      KENNY ARMSTRONG, JUDGE