
IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 7, 2017 Session

## MRS. BOBBY PATTERSON v. STATE OF TENNESSEE

**Appeal from the Tennessee Claims Commission**
**No. T20150928      Robert Hibbett, Commissioner**
_____

### No. M2016-01498-COA-R3-CV
_____

The Appellant appeals the dismissal of a complaint filed in the Tennessee Claims Commission. Because the record does not support the Claims Commission's grounds for dismissing the case, we reverse and remand for further proceedings consistent with this Opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Claims Commission Reversed**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and RICHARD H. DINKINS, J., joined.

Glenda Faye Patterson a/k/a Mrs. Bobby Patterson, Smithville, Tennessee, Pro se.

Herbert H. Slatery III, Attorney General and Reporter, Andrée Sophia Blumstein, Solicitor General, and Dawn Jordan, Senior Deputy Attorney General, Nashville, Tennessee, for the appellee, State of Tennessee.

### MEMORANDUM OPINION[1]

### Background

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

On November 4, 2014, the Appellant filed a claim for damages against the State of Tennessee in the Division of Claims Administration. The claim sought damages for an alleged incident that occurred on February 4, 2014. In February 2015, after the Division of Claims Administration was unable to act on the Appellant's claim, the claim was transferred to the State of Tennessee Claims Commission pursuant to Tennessee Code Annotated section 9-8-402(c).

Following the transfer of the claim, the Appellant filed a formal complaint for damages. In general, the Appellant's complaint alleged that two of her homes had been severely damaged due to the widening of Briley Parkway in Nashville, Tennessee. Of note, the claim that she had filed in the Division of Claims Administration was attached to the complaint. As previously observed, this filed claim listed the "Date of Occurrence" concerning the Appellant's damages as **February 4, 2014**.

The State of Tennessee subsequently filed an answer denying that it was at fault for the alleged damages asserted in the Appellant's complaint, and in March 2016, it filed a motion to dismiss. In support of its request for dismissal, the State argued that the Appellant's claim was barred by the doctrine of *res judicata* and the statute of limitations. According to the State, the Appellant's claim was the "exact same claim" as one that had previously been dismissed by the Claims Commission in 2011. The Claims Commission ultimately accepted the State's arguments, and on June 16, 2016, it entered an order dismissing the Appellant's claim. This timely appeal followed.

**Discussion**

On appeal, the State urges us to affirm the order of the Claims Commission. In addition to arguing that the grounds for dismissal relied upon by the Claims Commission were properly established, the State contends that the Appellant has waived any argument she might have on appeal given her failure to comply with the applicable rules of appellate procedure in her appellate brief. With respect to this latter concern, we agree that the brief tendered to us by the Appellant does not sufficiently comply with the requirements of Rule 27 of the Tennessee Rules of Appellate Procedure or Rule 6 of the Rules of the Court of Appeals. The Appellant's brief is deficient in many respects although we need not detail every deficiency. Among other things, however, we note that the Appellant's brief fails to directly present a clear issue for our review.

As a general matter, the Appellant's *pro se* status does not insulate her from complying with the applicable briefing requirements. *See Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009). However, notwithstanding the profound deficiencies that exist in her brief, we perceive that there are only two dispositive issues in this case in light of the Claims Commission's action: (1) whether the Appellant's claim is barred by the doctrine of *res judicata* and (2) whether the Appellant's claim is time-barred. Although the State ably points out certain deficiencies that exist with respect to

- 2 -

the Appellant's brief, it does not argue that it would be unfairly prejudiced by a consideration of the merits of the Claims Commission's dismissal. In fact, its own brief offers substantive arguments in defense of each ground relied upon by the Claims Commission for dismissal. Because Tennessee public policy favors the resolution of disputes on their merits, *see, e.g.*, *Norton v. Everhart*, 895 S.W.2d 317, 322 (Tenn. 1995), we exercise our authority under Rule 2 of the Tennessee Rules of Appellate Procedure[2] and therefore proceed to consider the substance of this appeal.

The resolution of the merits of this case is fairly straightforward. Both of the State's defenses are predicated upon the notion that the Appellant's claim is the same as a claim that she previously litigated in the Claims Commission. In supporting this position, the State introduced evidence of a prior order from May 2011 in which the Claims Commission dismissed a claim for property damage brought by the Appellant against the State. There is no doubt that the nature of the claim at issue in the May 2011 order appears to be virtually the same as the nature of the claim advanced in the present litigation. Indeed, both claims involve alleged damages related to construction activities on Briley Parkway. We cannot conclude, however, that the present claim is the same as the claim adjudicated in the May 2011 order. The State's evidence of the prior litigation from the Claims Commission does not substantiate such a position. Indeed, whereas the Appellant sought damages for an incident that allegedly occurred on February 4, 2014 when she filed her claim in the present litigation, the record shows that her prior claim arose from an incident that allegedly occurred in January 2008. Therefore, notwithstanding the factual similarity that exists, the claim that was pled in the current case is arguably different from that which was adjudicated in the prior May 2011 order. *Res judicata* clearly does not apply, as the Appellant could not have pursued a claim related to a 2014 incident before that incident ever occurred. Moreover, the 2014 claim is not untimely; it does not arise from an alleged 2008 incident as intimated by the State, but rather, it arises from an alleged 2014 incident.[3] Although the Claims Commission's order of dismissal noted that the Appellant did not show that her claim in the present litigation "occurred on a different date or involve[d] a different incident," her "Claim for Damages" form that was received in the Division of Claims Administration clearly shows the "Date of Occurrence" as February 4, 2014. As already noted, this form was attached to the complaint that the Appellant filed in the Claims Commission. Thus, the State's

---

[2] In pertinent part, Rule 2 of the Tennessee Rules of Appellate Procedure provides as follows:

> For good cause, including the interest of expediting decision upon any matter, the Supreme Court, Court of Appeals, or Court of Criminal Appeals may suspend the requirements or provisions of any of these rules in a particular case on motion of a party or on its motion and may order proceedings in accordance with its discretion[.]

[3] Actions for injuries to real property must be commenced within three years from the accruing of the cause of action. *See* Tenn. Code Ann. § 28-3-105.

proof of the prior May 2011 order did not substantiate its position that the claim from the present litigation had already been adjudicated.

Again, although it is clear that the Appellant is seeking to recover the same type of damages in this case as she was in the prior litigation before the Claims Commission, the current claim is based on an alleged incident that occurred in 2014. The State assumed that the claim in this case was the same as the prior claim when it filed its motion to dismiss, but a close examination of the Appellant's pleadings reveals that this is not so. Very simply, the State's submission of evidence regarding the prior claim does not show that the claim alleged by the Appellant in this litigation is the same. Indeed, in seeking dismissal of a claim based on a 2014 incident, the State submitted evidence that a claim based on a 2008 incident had already been adjudicated. For the foregoing reasons, we reverse the dismissal of the Appellant's claim and remand the case to the Claims Commission for further proceedings consistent with this Opinion. Costs of this appeal are assessed against the Appellee, the State of Tennessee, for which execution may issue if necessary.

_____
ARNOLD B. GOLDIN, JUDGE