IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 2, 2020

## DWIGHT MORISCH v. RYANN MAENNER ET AL.

**Appeal from the Juvenile Court for Haywood County**
**No. 9924      J. Roland Reid, Judge**

———————————————————

**No. W2020-00362-COA-R3-JV**

———————————————————

Carma Dennis McGee, J., dissenting.

Respectfully, I must dissent from the majority's decision to reverse the trial court's order granting visitation to the grandfather in this case. At the outset, I emphasize that the scope of this appeal is very narrow. On appeal, Mother raised only the issues of whether she had opposed visitation and whether Grandfather had proven that severance of the relationship with the child would occasion substantial harm to the child.[1]

As the majority opinion correctly states, grandparent visitation is governed by Tennessee Code Annotated section 36-6-306, which predicates a right to visitation on not only a grandparent's visitation being opposed by the custodial parent, but alternatively upon visitation having been "*severely reduced*." Tenn. Code Ann. § 36-6-306(a) (emphasis added). It is the severe reduction which I submit was found by the trial court in this case, and subsequently not raised on appeal by Mother. The majority concludes that Grandfather did not allege that his visitation with Chevy had been severely reduced. That is a premise with which I cannot agree. Although Grandfather's petition is not artfully worded, if liberally construed, I think it sufficiently alleges opposition to *and* severe reduction of

---

[1] Mother's brief is sadly lacking. I believe it could be found that Mother presented nothing more than a skeletal argument on appeal, causing her issues and arguments to be waived. *See Sneed v. Bd. of Prof'l Responsibility of Supreme Court*, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived."). Additionally, Mother's brief fails to adequately cite authority that supports her position. *See Chiozza v. Chiozza*, 315 S.W.3d 482, 489 (Tenn. Ct. App. 2009) (stating appellate courts routinely hold that failure to cite relevant authority in accordance with Tennessee Rule of Appellate Procedure 27(a)(7) constitutes waiver); *Newcomb v. Kohler Co.*, 222 S.W.3d 368, 401 (Tenn. Ct. App. 2006) (stating that the failure to cite authority on appeal may constitute wavier of the issues). However, since the majority has chosen to graciously accept the brief and analyze the merits of the case, I will proceed likewise.

visitation. The petition states, in part, "[t]hat *loss or severe reduction* of the relationship *has resulted* or will result in severe emotional harm to the child." (emphasis added).

The record shows that there was conflicting testimony by the parties as to whether Mother caused the severe reduction as well as whether Grandfather made requests for visitation with the child. When asked about the number of visits in 2019, Mother conceded that she "allowed three visits." It is obvious that the trial judge credited Grandfather's testimony, as he specifically noted the "dispute" in the testimony and then found, "[t]he evidence preponderates in favor of petitioner's position that he had some visits with the child between 2014 and 2019. However, these visits were very limited in number and duration." The trial court also found, "Respondent mother reached out to petitioner in 2019 for him to keep the child while she attended college classes on 2 or 3 occasions." *See Kelly v. Kelly*, 445 S.W.3d 685, 692 (Tenn. 2014) (stating "appellate courts should afford trial courts considerable deference when reviewing issues that hinge on the witnesses' credibility").

While the trial court credited Grandfather's testimony in finding that he had "some visits" between 2014 and 2019, Mother and Grandfather agree that between November 2016 and early 2019, Grandfather did not have any visits with Chevy. At trial, the court specifically asked Grandfather whether he had visits between November 2016 and March 2019, and Grandfather responded "No." Mother does not dispute this testimony; in fact, she asserted that Grandfather had no visits from 2014 to 2019.

As this Court has recognized, reduction to "token visitation" qualifies as severe reduction under the statutory scheme. *Clark v. Johnson*, No. E2017-01286-COA-R3-CV, 2018 WL 2411203, at *10 (Tenn. Ct. App. May 29, 2018). Further, this Court has made clear that the reduction is not a comparison test, stating "the statutory definition does not describe a reduction in visitation in comparison to any visitation the grandparents may have enjoyed previously. The statutory definition of a severe reduction is 'reduction to no contact or token visitation as defined in § 36-1-102.'" *Id.* at *13 (quoting Tenn. Code Ann. § 36-6-306(f)). Token visitation is defined in Tennessee Code Annotated section 36-1-102(1)(C) as visitation that "constitutes nothing more than perfunctory visitation or visitation of such an infrequent nature or of such short duration as to merely establish minimal or insubstantial contact with the child." I would submit that this is exactly what the trial court found had taken place. Any visits that Grandfather had between 2014 and the beginning of this case were, in the trial judge's words, "very limited in number and duration." Stated differently, Grandfather's visits were "severely reduce[d]" to mere "token visitation" that would entitle him to seek relief under the Grandparent visitation statute. *See* Tenn. Code Ann. §§ 36-6-102(1)(C) and -306(a).

Further, Mother does not challenge on appeal those findings which constitute "severe reduction." Therefore, I would hold that she has waived the issue. *See Hodge v. Craig*, 382 S.W.3d 325, 334 (Tenn. 2012) ("Appellate review is generally limited to the

issues that have been presented for review.").

The majority relies heavily on this Court's ruling in *Uselton v. Walton*, No. M2012-02333-COA-R3-CV, 2013 WL 3227608 (Tenn. Ct. App. June 21, 2013). In *Uselton*, this Court held that opposition to a grandparent's visitation cannot be established by a parent's conduct after a petition is filed "[i]f the custodial parent did not oppose grandparent visitation before the petition for court-ordered grandparent visitation is filed," but recognized that "post-petition conduct by the custodial parent can be utilized only to *bolster or contradict* a showing that the custodial parent opposed visitation prior to the filing of the petition[.]" *Id.* at *13, *15. (emphasis added). Although *Uselton* was decided prior to the amendment to the grandparent visitation statute that added the language on "severe reduction," this Court has since stated that "any reduction in Grandparents' relationship with [a child] subsequent to the petition's filing would be outside the relevant time period for the threshold finding of a severe reduction." *Clark*, 2018 WL 2411203, at *8. The inverse of our statement in *Clark* should hold true; any additional visits actually granted by a parent after a petition is filed should also be "outside the relevant time period for the threshold finding of a severe reduction." *Id.* The majority here emphasizes Grandfather having one visit after he filed the subject petition. However, I submit that the fact that Mother allowed only one visit between the time of the filing of the petition and the time of trial (a period of almost eleven months) bolsters the trial court's finding that a severe reduction had occurred.

As the majority correctly states, we review a trial court's findings of fact *de novo* upon the record, affording the trial court a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *In re Carrington H.*, 483 S.W.3d 507, 524 (Tenn. 2016); *Manning v. Manning*, 474 S.W.3d 252, 256 (Tenn. Ct. App. 2015). The trial court in this case made extensive findings of fact. Consistent with the Court's holding in *Horton v. Cooley*, I do not think that there is anything in the present record to preponderate against the trial court's findings. *See Horton v. Cooley*, No. M2019-00945-COA-R3-CV, 2020 WL 2731235, at *5 (Tenn. Ct. App. May 26, 2020) (stating "[f]or the evidence to preponderate against the trial court's findings, it 'must support another finding of fact with greater convincing effect,' . . . and the evidence in the record does not preponderate against the trial court's findings. Therefore, we affirm the trial court's determination that Mother did not severely reduce Grandparents' visitation with the Child.").

Despite the trial court's findings regarding the other statutory requirements, Mother raises only one remaining issue on appeal: whether Grandfather had proven that severance of the relationship with the child would occasion substantial harm to the child. The majority does not reach this issue. Based upon the record, I would hold that the trial court correctly found that Grandfather "met his burden of showing a 'danger of substantial harm to the child', if visitation was denied." *See* Tenn. Code Ann. § 36-6-306. Therefore, for the foregoing reasons, I would affirm the trial court's order in this case.

_____
CARMA DENNIS MCGEE, JUDGE